■ MAGNOLIA DEVELOPMENT CORP., Appellant, v HOWARD LOCKWOOD et al., Respondents.—In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered October 3, 1988, which denied its motion for summary judgment in its favor on the complaint and dismissing the counterclaim of the defendants Howard Lockwood and Bailey Manor Development Corp. The appeal brings up for review so much of an order of the same court, entered April 5, 1989, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered October 3, 1988, is dismissed, as that order was superseded by the order entered April 5, 1989, made upon reargument; and it is further,

Ordered that the order entered April 5, 1989, is modified, on the law, by deleting the provisions thereof which adhered to the original determination denying those branches of the plaintiff's motion which were for partial summary judgment on the issue of liability in favor of the plaintiff with respect to the second cause of action of the verified complaint, and for partial summary judgment dismissing the counterclaim of the defendants Howard Lockwood and Bailey Manor Development Corp. and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that the order entered October 3, 1988, is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The record reveals that on May 28, 1987, the plaintiff and the defendants Bailey Manor Development Corp. and D. William Russell Enterprises, Ltd., entered into a contract whereby the plaintiff agreed to purchase certain real property from these defendants. Upon execution of the contract, the plaintiff delivered a down payment equal to 10% of the purchase price. The rider to the contract of sale provided in relevant part as follows:

"#28 PURCHASER acknowledges that an application for subdivision approval for 22 lots in Section B is currently pending before the Town Board of the Town of Southeast, and that Section C is NOT a part of any application for subdivision approval. Notwithstanding, PURCHASER hereby agrees to close title to the foregoing premises immediately upon receipt by SELLER of final approval for the 22-Lot Subdivision in Section B, but in no event later than sixty (60) days from the date hereof * * *.

"#39 In the event SELLER is unable to close title to the within transaction pursuant to the terms hereof * * * then SELLER, by its respective principals, hereby guarantees the return of the down payment to the PURCHASER herein, in which event the Contract shall then be declared null and void and neither party shall have any further liability to the other hereunder".

Furthermore, a separate "Memorandum of Contract to Purchase Real Property" was executed by the parties to the sale contemporaneously with the foregoing agreement. This memorandum provided, *inter alia:* "If Seller's *[sic]* cannot close title

without fault of Purchaser, then Seller shall return the downpayment not later than August 28, 1987. If said downpayment is not returned by said date, interest shall accrue on said sum at the rate of ten (10%) percent per annum to date of payment".

It is undisputed that the defendant sellers succeeded in obtaining only conditional subdivision approval for the parcel, and they were either unwilling or unable to fulfill the requirements set forth in the conditional approval with respect to two of the contemplated lots. Accordingly, in a letter dated November 30, 1987, the attorney for the defendant Bailey Manor Development Corp. apprised counsel for the plaintiff that the sellers were willing to reduce the contract price by $100,000 "[d]ue to the loss of two lots from the * * * property". The letter further noted: "If your client is unwilling to proceed with this transaction pursuant to the foregoing amendment, we shall consider the contract to be null and void and the down payment tendered thereunder shall be returned to your client". In a reply letter dated December 30, 1987, counsel for the plaintiff, noting that "we have not received what the contract called for", advised the sellers' attorney that "my client wishes to terminate the transaction at this point and request all of the downpayment funds be returned within the next three days". The sellers thereafter sent a check for a portion of the down payment to the plaintiff, and when the balance of the down payment moneys was not forthcoming, the plaintiff commenced the instant action. The defendants Howard Lockwood and Bailey Manor Development Corp. served an answer which asserted a counterclaim against the plaintiff to recover damages for breach of contract. The plaintiff thereafter moved for summary judgment in its favor on the complaint and for dismissal of the counterclaim. The Supreme Court denied the motion, and adhered to that determination upon reargument. We now modify the order made upon reargument.

The plaintiff has established its entitlement to partial summary judgment on the issue of liability with respect to the second cause of action seeking recovery of the down payment balance plus interest at the rate of 10% per annum. Contrary to the contentions of the defendants, the foregoing contractual provisions clearly and unequivocally conferred upon the plaintiff the right to cancel the agreement and to insist upon the return of the entire down payment. It is well settled that " 'when the terms of a written contract are clear and unambiguous, the intent must be found therein * * *. Thus, in

cases where the intention of the parties is expressed in plain and unambiguous terms, the question is one of law which may be decided on a motion for summary judgment' " (Oak Bee Corp. v Blankman & Co., 154 AD2d 3, 7, quoting from Holiday Mgt. Assocs. v New York Inst. of Technology, 149 AD2d 462, 466).

The language of the contract herein demonstrates as a matter of law that the parties intended the closing to be conditioned upon the securing of final approval for a 22-lot subdivision in section B. It is clear that this condition was not satisfied with respect to at least two of the lots. Hence, in accordance with the express and unambiguous terms of the agreement, the plaintiff is entitled to the return of the full down payment. Indeed, the contention that the parties did not intend the securing of that approval to be a condition of closing is belied by the letter of counsel for Bailey Manor Development Corp. dated November 30, 1987. Additionally, the record contains no factual support for the counterclaim asserted by the defendants Howard Lockwood and Bailey Manor Development Corp. to recover damages for breach of contract. Thus, dismissal of that counterclaim is warranted.

Moreover, inasmuch as the contemporaneously executed memorandum of the parties sets forth the applicable rate of interest payable on the down payment moneys as 10% per annum, the plaintiff is entitled to have the interest on the unpaid balance calculated at this rate.

However, while the same memorandum sets forth August 28, 1987, as the date upon which the accrual of interest is to commence, the papers submitted by the plaintiff in support of its motion for summary judgment raise an issue of fact as to whether the plaintiff waived this accrual date. In this regard, the plaintiff alleged that subsequent to this date, it provided the defendant sellers with additional time to comply with the terms of the contract, and the record demonstrates that the plaintiff did not elect to cancel the contract until December 30, 1987. Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a hearing and resolution of the limited issue of whether the interest on the down payment should be calculated from August 28, 1987, or from some subsequent date. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.