■ GEORGE J. ROUKIS et al., Respondents, v STANLEY J. SKINNER et al., Appellants. (Action No. 1.) MERRILL LYNCH REALTY/CARLL BURR, INC., Respondent, v STANLEY J. SKINNER et al., Appellants. (Action No. 2.)—In an action for specific performance of a contract of sale of real property (Action No. 1), which was consolidated with an action to recover a broker-age commission (Action No. 2), the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered June 26, 1989, which after the presentation of all evidence at a jury trial, and upon a ruling granting the plaintiffs in both actions judgment as a matter of law, directed the defendants to specifically perform the contract of sale entered into with the plaintiffs George J. and Marjorie A. Roukis, awarded the plaintiff Merrill Lynch Realty/Carll Burr, Inc. the principal sum of $5,000, and dismissed the defendants' counterclaims against it.

Ordered that the judgment is modified, on the law, by deleting the first, second, third and fourth decretal paragraphs thereof, and substituting therefor provisions dismissing the complaints; as so modified, the judgment is affirmed, with one bill of costs to the appellants payable by the respondents appearing separately and filing separate briefs.

The contract of sale provides, in pertinent part: "Purchaser shall have *60 days* to obtain *final* bank approval and FHA commitment approval. *Unless attorney for seller receives written notice that the aforesaid approvals have been obtained within the dates set forth herein, irrespective of whether said approval and/or commitments shall have actually been obtained, the Seller shall have the option of cancelling this contract* and upon return to the purchaser of the downpayment * * * both parties shall be released from any further liability to the other. The purchaser shall have a similar option after ninety (90) days" (emphasis added). The plaintiff purchasers and the defendant sellers agree that the 60-day period within which the plaintiff purchasers were required to obtain a final mortgage commitment and to notify the sellers in writing expired on June 1, 1981. By letter dated May 29, 1981, the attorney for the plaintiff purchasers apparently mailed a letter by which he forwarded a copy of a *conditional* FHA mortgage commitment which indicated that a "firm"

commitment would be issued upon the making of certain roof repairs and the receipt of a credit approval application. That letter, which contains an indication that the plaintiff purchasers would repair the roof at their own expense, was not received by June 1, 1981. By letter dated June 2, 1981, sellers notified the plaintiff purchasers, in writing, that they were returning the down payment and were electing to cancel the contract. A final mortgage commitment was obtained on June 4, 1981.

It is well settled that when the terms of a written contract are clear and unambiguous, the question of what the parties intended is one of law to be decided by the courts (see, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157; *Magnolia Dev. Corp. v Lockwood*, 160 AD2d 774, 776-777; *Oak Bee Corp. v Blankman & Co.*, 154 AD2d 3, 7; *Holiday St. Mgt. Assocs. v New York Inst. of Technology*, 149 AD2d 462, 466). In this case, it is undisputed that no written communication advising that the plaintiff purchasers could financially go forward with the contract was received by the sellers within the prescribed period. Thus, the sellers duly exercised the option and canceled the contract upon the expiration of the 60-day period. We find no merit to the plaintiff purchasers' contention that the sellers frustrated their ability to obtain a timely mortgage commitment. Accordingly, the plaintiff purchasers' complaint (Action No. 1) should have been dismissed at the conclusion of the evidence.

With respect to the plaintiff realtor's claim for its brokerage commission (Action No. 2), the contract between it and the sellers unambiguously provided, in pertinent part: "The commission is due and payable to the above named Broker only if, and when title passes except that if title passing is prevented by a willful act or default on the part of the seller, that then and in such event, the commission shall be payable on demand". Since there is no evidence to support a claim that the sellers prevented the passing of title by any willful act or default, no commission is "due and payable" and the plaintiff realtor's complaint should similarly have been dismissed. We discern no basis, however, for disturbing the Supreme Court's determination dismissing the sellers' counterclaims. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.