■ FIDELITY NEW YORK FSB, Plaintiff, v BRIAN H. MADDEN, Respondent, DEMAR PACKING CORP., Appellant, et al., Defen-

dants. [622 NYS2d 744] —In a mortgage foreclosure action, the defendant Demar Packing Corp. appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated January 4, 1993, as denied its motion to confirm the Referee's report, dated August 31, 1992, in its entirety, and set aside the Referee's report insofar as it denied the defendant Brian H. Madden credit against a judgment of the Supreme Court, Nassau County, dated January 5, 1988, which is in favor of Demar Packing Corp. and against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein (see, Magnolia Dev. Corp. v Lockwood, 160 AD2d 774, 776). The contract dated December 12, 1987, between the respondent Brian H. Madden and the appellant and its predecessors-in-interest plainly stated that the purchase price for the respondent's home was $925,000, which would be paid by paying off the respondent's prior mortgages in the principal amount of $625,000, plus giving the respondent a $300,000 credit toward his debt to the appellant and its predecessors in interest. Contrary to the appellant's claim, nowhere in that contract does it indicate that the respondent had to have $300,000 in equity in the property in order to receive credit against his debt.

The appellant's assertion that it did not receive value for the forgiveness of debt because the respondent had no equity in the property is without merit. Consideration need not be coextensive or even proportionate, so long as "the value * * * of the thing forborne or promised * * * is acceptable to the promisee" (Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464). "Absent a claim of fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny" (Spaulding v Benenati, 57 NY2d 418, 423). By failing to pay the first mortgage on the respondent's property pursuant to the contract, the respondent allowed the first mortgagee to foreclose on the property. The appellant is to blame for failing to protect its own interest in the property; it failed to pay the first mortgagee. Had it paid off the first mortgage, it would have received the value which it now claims that it did not receive.

Finally, because the appellant's appendix was inadequate and incomplete (see, CPLR 5528 [a] [5]; Lo Gerfo v Lo Gerfo, 30 AD2d 156, 158), the respondent is entitled to recover from the

appellant the expense of printing the respondent's appendix *(see,* CPLR 5528 [e]; *Mandell v Grosfeld,* 65 AD2d 743). Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.