■ MATTIE PERELMAN et al., Appellants, v SNOWBIRD SKI SHOP, INC., et al., Respondents. [626 NYS2d 304] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ingrassia, J.), entered July 21, 1993 in Westchester County, which granted defendants' motion for summary judgment dismissing the complaint.

On November 25, 1988, plaintiff Mattie Perelman (hereinafter plaintiff) rented ski equipment from defendant Snowbird Ski Shop, Inc. at which time she signed a rental agreement. The one-page agreement was entitled, in bold print, " 'RENTAL AGREEMENT AND RELEASE OF LIABILITY' " and contained the notation " 'PLEASE READ CAREFULLY BEFORE SIGNING' ". The agreement provided that plaintiff released Snowbird from all liability for injuries resulting from Snowbird's negligence in maintaining, selecting, mounting or adjusting the ski equipment.

On December 18, 1988, while skiing at Ski Windham, plaintiff fell; her ski boot binding failed to release and she injured her left knee. Thereafter, plaintiff and her husband, derivatively, commenced this action alleging that Snowbird was negligent in "recommending, selecting, fitting, adjusting and setting the ski-boot-binding system". Defendants moved for summary judgment dismissing the complaint, which motion was granted, and this appeal ensued.

Plaintiff urges that she did not read the rental agreement prior to signing it and, therefore, did not have the requisite intent to enter into the agreement, including the release of liability provision. We disagree. It is well established that one is under an obligation to read a document before signing it and, generally, cannot avoid the effect of a release contained

therein upon the ground that he or she did not read the document or know of its contents *(see, e.g., Martino v Kaschak,* 208 AD2d 698, 698-699). Accordingly, the fact that plaintiff may not have read the rental agreement before signing it and did not intend to release anyone from liability does not vitiate the agreement, and plaintiffs are bound by its terms *(see, Sofio v Hughes,* 162 AD2d 518, 519, *lv denied* 76 NY2d 712).

We also reject plaintiffs' contention that the release is void pursuant to the terms of General Obligations Law § 5-326. That provision provides that an agreement entered into between the owner of a pool, gymnasium, place of amusement or recreation or similar establishment and the user of such facilities, pursuant to which the owner exempts himself or herself from liability resulting from negligence, is void as against public policy. Quite simply, Snowbird is a retail establishment that rents and sells ski equipment and accessories; it is not a place of amusement or similar establishment contemplated by General Obligations Law § 5-326.

Finally, we reject plaintiffs' assertion that defendants' motion for summary judgment should have been denied because it is based upon an unpleaded defense. It is clear that "summary judgment may be granted on an unpleaded affirmative defense so long as the opposing party is not surprised or prejudiced" *(Memorial Hosp. v Baumann,* 100 AD2d 701). Here, while defendants' answer did not include release as an affirmative defense, the record reveals that plaintiffs were aware of defendants' reliance upon the release provision in that plaintiff was specifically asked about the rental agreement at her examination before trial. Furthermore, the defense was the principal ground relied upon by defendants in support of their summary judgment motion and the merits of this defense were argued by plaintiffs. Additionally, the alleged prejudice asserted on appeal was not raised in plaintiffs' affidavits before Supreme Court and, thus, plaintiffs have failed to submit any proof in admissible form demonstrating the alleged prejudice.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.