■ SUNSET PARK REDEVELOPMENT COMMITTEE, INC., et al., Respondents-Appellants, v BOWERY SAVINGS BANK, Appellant-Respondent. [639 NYS2d 418] —In an action to recover damages for negligence, conversion, and money had and received, the defendant appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 15, 1994, as denied its motion for summary judgment dismissing the complaint on the ground that the plaintiffs' claims are barred by UCC 3-405, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment.

Ordered that order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs' controller embezzled $349,952.29 by depositing checks payable to the plaintiffs Sunset Park Realty Management Corp. and Sunset Park Contracting Corp., subsidiaries of the plaintiff Sunset Park Redevelopment Committee, Inc., in unauthorized corporate accounts at the defendant bank where the controller maintained his personal accounts. The plaintiffs did not maintain any of their corporate accounts at the defendant bank.

Upon learning of the embezzlement, the plaintiffs commenced this action against the defendant bank to recover damages for negligence, conversion, and money had and received. Just before the trial of the action, the defendant moved for summary judgment dismissing the complaint on the ground

that the plaintiffs' claims are barred by UCC 3-405, and the plaintiffs cross-moved for summary judgment. The Supreme Court denied the motion and the cross motion, but permitted the defendant to raise UCC 3-405 as a defense.

A defendant is generally required to plead an affirmative defense (*see*, CPLR 3018 [b]). However, a court may grant summary judgment on an unpleaded defense when that defense neither surprises nor prejudices the plaintiff (*see, e.g., Olean Urban Renewal Agency v Herman*, 101 AD2d 712). The Supreme Court correctly held that the plaintiffs were not surprised or prejudiced by the defense found in UCC 3-405 in view of the allegations in the complaint, the detailed discovery that had taken place, and that the defendant's papers in support of its motion for summary judgment apprised the plaintiffs of the defense. Thus, the plaintiffs were afforded the opportunity to respond to and brief the issue (*see, e.g., Perelman v Snowbird Ski Shop*, 215 AD2d 809).

However, the Supreme Court erred by denying the defendant's motion for summary judgment dismissing the complaint. UCC 3-405 creates an exception to the general principle that a bank is liable for an unauthorized indorsement (*see, Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 270). It bars actions against banks that sound in negligence (*see, Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank*, 57 NY2d 439, 451) conversion, and money had and received (*see, Prudential-Bache Sec. v Citibank, supra,* at 273) by making an indorsement effective when, *inter alia*, "a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument" or "an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest" (UCC 3-405 [1] [b], [c]). In view of the public policy underlying UCC 3-405—which is to shift the loss resulting from the acts of a dishonest employee from the bank to the employer, who is in a better position to bear the loss through "reasonable care in the selection or supervision of its employees, or, if he is not * * * to cover the loss by fidelity insurance" (UCC 3-405, comment 4)—the plaintiffs' causes of action to recover damages for negligence, conversion, and money had and received are barred. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur. [*See,* 161 Misc 2d 144.]