■ MILLBROOK HUNT, INC., Respondent-Appellant, v EDGAR O. SMITH, Appellant-Respondent. [670 NYS2d 905] —In an action, *inter alia*, for a judgment declaring that the plaintiff has an easement over the defendant's property and to permanently enjoin the defendant from interfering with the plaintiff's use of that easement, the defendant appeals from stated portions of an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 26, 1997, which, *inter alia*, denied his motion for summary judgment declaring that the subject easement had been terminated by the plaintiff's unlawful activities, or for a declaration that he has a right to redirect the easement to a 77-acre parcel of his property, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as (1) granted the defendant's motion to the extent that it determined that the defendant had a right to develop his property, (2) denied its cross motion for summary judgment declaring that the easement did not authorize the improvements proposed by the defendant, and (3) directed a trial on the issue of the defendant's damages.

Ordered that the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements.

The background facts to this dispute may be found in the companion case of *Millbrook Hunt v Smith* (249 AD2d 281 [decided herewith]).

That branch of the motion of the defendant Edgar O. Smith

which was for a declaration that the subject "Lease and Easement Agreement" had been terminated by virtue of the purportedly unlawful activities of Millbrook Hunt, Inc. (hereinafter the Hunt), should not have been denied on the ground that Smith's pleading neither contained that defense nor raised it as a counterclaim. As a general rule, a defendant's motion for summary judgment will be denied where it is predicated on a ground not pleaded as a defense in the answer (*see, Contelmo's Sand & Gravel v J. & J. Milano, Inc.*, 96 AD2d 1090). However, "a court may grant summary judgment based upon an unpleaded defense where reliance upon that defense neither surprises nor prejudices the plaintiff" (*Olean Urban Renewal Agency v Herman*, 101 AD2d 712, 713; *see also, ATN Marts v Ireland*, 195 AD2d 959; *Williams Corp. v Roma Fragrances & Cosmetics*, 121 AD2d 278; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 104 AD2d 258; *Contelmo's Sand & Gravel v J. & J. Milano, Inc., supra*). Here, Smith's motion papers completely apprised the Hunt of Smith's claim, the Hunt was clearly aware of all the facts underlying the claim, and the Hunt fully availed itself of the opportunity to respond. Nevertheless, summary judgment cannot be granted to the defendant on his claim that the easement has terminated, as there is nothing in the Agreement which provides for its termination on the basis of any of the activities complained of.

In addition, the Supreme Court properly determined that the activities undertaken by Smith were "improvements" which triggered his modification rights under the Agreement, but that he did not establish his entitlement as a matter of law to a declaration that he was entitled to redirect the Hunt's activities in any manner including one that would effectively eliminate the Hunt's rights under the agreement.

We have examined the parties' remaining contentions and find them to be without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.