■ MARY C. PELLICIO, Respondent, v HARTFORD LIFE INSURANCE COMPANY, Respondent, and CITIBANK, N. A., Appellant. [691 NYS2d 554] —In an action to recover damages for conversion of the proceeds of a check which was allegedly paid over a forged endorsement, the defendant Citibank, N. A., appeals, as limited by its brief, from so much an order of the Supreme

Court, Suffolk County (Kitson, J.), dated December 17, 1998, as denied its cross motion for summary judgment.

Ordered that the order is modified, by (1) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the cross claim of the defendant Hartford Life Insurance Company and substituting therefor a provision granting that branch of the cross motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment on the cross claim of Citibank, N. A., against Hartford Life Insurance Company and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to Citibank, N. A., payable by Hartford Life Insurance Company.

The plaintiff Mary Pellicio alleged that her son-in-law, Richard Dorman, forged a letter directing the defendant Hartford Life Insurance Company (hereinafter Hartford) to withdraw a sum from her annuity account and mail the proceeds to her. Subsequently, Hartford issued a check payable to the plaintiff and mailed it. Upon receipt of the check, Dorman forged the plaintiff's endorsement and cashed it at a branch of the defendant Citibank, N. A. (hereinafter Citibank).

UCC 3-405 (1) (a) is an exception to the general rule that an "unauthorized signature is wholly inoperative as that of the person whose name is signed" (UCC 3-404; *see also, Sunset Park Redevelopment Comm. v Bowery Sav. Bank,* 224 AD2d 608). Under UCC 3-405 (1) (a), also known as the "imposter rule", a forged endorsement is effective if "an imposter by use of mails or otherwise has induced the maker or drawer to issue the instrument to him or his confederate in the name of the payee" (*see,* UCC 3-405 [1] [a]; *Shube v Cheng,* 157 Misc 2d 255, *affd* 208 AD2d 606; *Minster State Bank v Baybank Middlesex,* 414 Mass 831, 611 NE2d 200). As the Court of Appeals has stated, UCC 3-405 is essentially a loss-balancing statute that distributes the loss on the party that is in the best position to prevent the loss, i.e., the drawer (*see, Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459).

As the uncontroverted evidence shows, Dorman induced Hartford to issue the check by impersonating the plaintiff through the mail. Thus, UCC 3-405 applies to the facts of this case (*see, Dominion Bank v Household Bank,* 827 F Supp 463; *cf., Philadelphia Tit. Ins. Co. v Fidelity-Philadelphia Trust Co.,* 419 Pa 78, 212 A2d 222). Accordingly, UCC 3-405 (1) (a) mandates both summary judgment in favor of Citibank on its cross claim against Hartford and dismissal of Hartford's cross claim against it.

However, while a drawer is clearly in a better position than a depository bank to prevent a loss caused by an imposter who induced it to draw a check to the payee, the same rationale does not apply between the payee and the depository bank (*see, McAdam v Dean Witter Reynolds,* 896 F2d 750). Accordingly, it was proper to deny that branch of Citibank's motion which was for summary judgment dismissing the plaintiff's complaint insofar as asserted against it. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.