■ LESLIE WENGER et al., Appellants, v WALI ALIDAD et al., Respondents. [696 NYS2d 227] —In a shareholder's derivative ac-

tion, the plaintiffs appeal, as limited by their brief, from so much of (1) a judgment of the Supreme Court, Orange County (Williams, J.H.O.), dated April 20, 1998, as, after a nonjury trial, (a) dismissed the complaint insofar as asserted against the defendants Wali Alidad, Barbara Alidad, Roger Budrow, and Ellen Budrow, and (b) is in favor of the defendant Wali Alidad and against the plaintiff Leslie Wenger on his counterclaim, and (2) a judgment of the same court, entered May 4, 1998, which, after a nonjury trial, is in favor of the defendant Lee Hagler dismissing the complaint.

Ordered that the appeal by Laurie Wenger from so much of the judgment dated April 20, 1998, as is in favor of the defendant Wali Alidad on his counterclaim against Leslie Wenger is dismissed, as she is not aggrieved by that part of the judgment; and it is further,

Ordered that the judgment dated April 20, 1998, is modified, on the law, by deleting the provision in favor of the defendant Wali Alidad and against the plaintiff Leslie Wenger on the counterclaim and substituting therefor a provision dismissing the counterclaim; as so modified, the judgment dated April 20, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that judgment entered May 4, 1998, is affirmed; and it is further,

Ordered that the defendants Wali Alidad and Lee Hagler are awarded one bill of costs, payable by the plaintiffs.

Although the plaintiffs established a prima facie case against the defendants Wali Alidad and Lee Hagler (*see, Cohen v Hallmark Cards,* 45 NY2d 493), their contention that the court erred in dismissing their action against Alidad and Hagler is without merit. The evidence did not so preponderate in the plaintiffs' favor that they were entitled to judgment upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Panzarino v Carella,* 247 AD2d 521).

The Supreme Court incorrectly awarded judgment to Alidad on his counterclaim against the plaintiff Leslie Wenger. While breach of contract damages are intended to place a party in the same position as he or she would have been in if the contract had not been breached, "the damages may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes" (*Kenford Co. v County of Erie,* 67 NY2d 257, 261; *Wai Ming Ng v Tow,* 260 AD2d 574). Since Alidad failed to prove the damages that he allegedly sustained, he was not entitled to recover compensatory or punitive damages (*see, Kenford Co. v County of Erie, supra;*

*Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616-617; *Hubbell v Trans World Life Ins. Co.,* 50 NY2d 899, 901).

Finally, as the appendix filed by the plaintiffs failed to comply with the mandate of CPLR 5528 (a) (5), we impose costs upon them (*see,* CPLR 5528 [e]; *Cross Westchester Dev. Corp. v Sleepy Hollow Motor Ct.,* 222 AD2d 644; *Lo Gerfo v Lo Gerfo,* 30 AD2d 156, 157-158). Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.