■ LD EXCHANGE, INC., Appellant, v ORION TELECOM-MUNICATIONS CORP., Respondent. [755 NYS2d 630] —In an action to recover damages for breach of contract, and to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated March 19, 2002, which denied its motion for summary judgment with leave to renew after further discovery is conducted.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment on the cause of action based upon an account stated, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law on its cause of action based upon an account stated by establishing, with admissible evidence, the receipt and retention of bills without objection within a reasonable time (*see Jovee Contr. Corp. v AIA Envtl. Corp.,* 283 AD2d 398 [2001]; *Sullivan v REJ Corp.,* 255 AD2d 308 [1998]), and the partial payment of some of the bills (*see Jovee Contr. Corp. v AIA Envtl. Corp., supra*; *Hoyniak v Acton,* 271 AD2d 892 [2000]). In opposition, the defendant failed to raise an issue of fact that it objected to the amount billed in a manner consistent with the contractual agreement (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Issues of fact exist as to the plaintiff's performance under the terms of the contractual agreement, and thus the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the breach of contract cause of action with leave to renew after further discovery is conducted (*see 1014 Fifth Ave. Realty Corp. v Manhattan Realty Corp.,* 67 NY2d 718 [1986]). In light of the conclusion reached with regard to the plaintiff's breach of contract claim, and since the defendant's counterclaim is based upon the same facts and thus, is inextricably interwoven with that claim, and in light of the plaintiff's failure to move for dismissal of the counterclaim, we decline to search the record and dismiss the counterclaim (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.