Rios, J.
(dissenting and voting to reverse the order, grant plaintiffs motion for summary judgment, and deny defendant’s cross motion for discovery and for a stay of the action pending completion of the discovery).
Plaintiff commenced this action asserting causes of action for breach of contract and an account stated. Plaintiff is a provider of “lien searches” on behalf of companies which issue title insurance on the purchase of real property. There is no dispute that the papers submitted in support of plaintiffs motion for summary judgment made a prima facie showing of breach of contract and an account stated (see Castle Oil Corp. v Bokhari, 52 AD3d 762 [2008]). Plaintiff demonstrated that, pursuant to *47 its contract with defendant, it had provided goods and services for which defendant did not pay. Moreover, plaintiff showed that it had tendered invoices, which were received and retained by defendant (see id.; LD Exch. v Orion Telecom. Corp., 302 AD2d 565 [2003]). The burden then shifted to defendant to establish a triable issue of fact.
Defendant’s unsubstantiated, conclusory allegations that objections were made to the bills, and defendant’s bald conclusory allegations of fraud, mistake and other equitable considerations are insufficient to defeat plaintiffs motion for summary judgment (see Cohen Tauber Spievak & Wagner, LLP v Alnwick, 33 AD3d 562 [2006]). Defendant’s self-serving, nonspecific references to an alleged collusion between plaintiff and defendant’s former managing partner fail to raise a question of fact. While defendant opposed plaintiffs motion and cross-moved for discovery, alleging that facts essential to oppose the motion would be revealed through further discovery, it failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence. The mere hope and speculation that evidence sufficient to defeat plaintiffs motion for summary judgment might be uncovered during discovery is an insufficient basis for denying the motion (see Boise Cascade Off. Prods. Corp. v Gilman & Ciocia, Inc., 30 AD3d 454 [2006]).
Accordingly, I would reverse the order, grant plaintiffs motion for summary judgment and deny defendant’s cross motion for discovery.
Weston, J.E, and Golia, J., concur; Rios, J., dissents in a separate memorandum.