Ordered that the motion is denied as academic. Skelos, J.P., Hall, Lott and Roman, JJ., concur.

In the Matter of Costco Wholesale Corporation et al., Respondents, v Town Board of Town of Oyster Bay et al., Appellants. [934 NYS2d 430]—

In November 2001 the petitioner Costco Wholesale Corporation (hereinafter Costco), and the then owner of certain property located at 555 West John Street in Hicksville, Town of Oyster Bay (hereinafter the subject property), submitted a petition to the Town Board of the Town of Oyster Bay (hereinafter the Town Board) for a special use permit and an application for site plan approval to construct and operate a retail store (hereinafter the Costco Project). By resolution adopted on May 27, 2003, the Town Board denied their petition for a special use permit. Thereafter, Costco commenced a proceeding pursuant to CPLR article 78 challenging the denial of its permit application. At the conclusion of that proceeding, the Supreme Court vacated the denial of the special use permit and remitted the matter to the Town Board for the purpose of complying with the State Environmental Quality Review Act (ECL 8-0101 *et. seq.* [hereinafter SEQRA]).

On September 21, 2004, the Town Board, as lead agency, issued a positive declaration under SEQRA on the Costco Project. After Costco revised its draft environmental impact statement (hereinafter DEIS) three different times in response to written comments from the Town Board and its consultants, the DEIS was accepted by resolution dated November 14, 2006. A public hearing was held on the DEIS on January 9, 2007, and the public comment period closed on January 31, 2007. Thereafter, Costco made three separate submissions of a final environmental impact statement (hereinafter FEIS) between May 2007 and April 2009 to the Town Board. Despite those submissions and the passage of a substantial period of time, the Town Board has not filed a FEIS for the Costco Project. Costco and the present owner of the subject property commenced this CPLR article 78 proceeding, inter alia, to compel the Town Board and the Town of Oyster Bay (hereinafter together the Town) to file a FEIS, to complete SEQRA review of the Costco Project, and to take final action upon the applications for a special use permit and site plan.

Contrary to the Town's contentions, the Supreme Court properly determined that the Town's failure to act pursuant to the applicable local code provision (*see* Code of Town of Oyster

Bay § 110-9 [I]), as well as the applicable SEQRA provision (*see* 6 NYCRR 617.9 [a] [5]) requiring it to "prepare or cause to be prepared and . . . file a final EIS, within 45 calendar days after the close of any hearing or within 60 calendar days after the filing of the draft EIS, whichever occurs later," warranted mandamus relief (*id.; see Matter of Mamaroneck Beach & Yacht Club, Inc. v Fraioli*, 24 AD3d 669, 671 [2005]; *Matter of 2433 Knapp St. Rest. Bar v Department of Consumer Affairs of City of N.Y.*, 150 AD2d 464, 465 [1989]).

The Town's remaining contentions are without merit.

Since the Town's appendix was inadequate (*see* CPLR 5528 [a] [5]; Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1]), Costco is entitled to recover from the Town the expense of printing, serving, and filing its supplemental appendix (*see* CPLR 5528 [e]; *Wenger v Alidad*, 265 AD2d 322, 324 [1999]; *Fidelity N.Y. v Madden*, 212 AD2d 572, 573-574 [1995]). Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.