██ NATIONAL COMMERCE EXCHANGE OF LONG ISLAND, INC., Respondent, v COSMOPOLITAN COACH, LTD., et al., Appellants. [992 NYS2d 309]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Brown, J.), entered August 6, 2012, as, upon an order of the same court dated February 7, 2012, granting the plaintiff's motion for summary judgment on

the causes of action to recover damages for breach of contract, on an account stated, and on the individual defendant's personal guaranty, and upon an order of the same court dated May 17, 2012 (K. Murphy, J.), is in favor of the plaintiff and against them in the principal sum of $97,308.82.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff operated a barter exchange company that facilitated trade transactions between its members for goods and services. The plaintiff earned transaction fees and other fees based on the exchanges that occurred. By execution of membership and trading agreements, the defendants became members of the barter exchange. In or about 2011, the plaintiff terminated the defendants' membership in the barter exchange because of their alleged failure to make certain payments. The plaintiff commenced this action to collect amounts owed, interposing, among others, causes of action to recover damages for breach of contract, on an account stated, and on the individual defendant's personal guaranty. The plaintiff thereafter moved for summary judgment on those causes of action. The Supreme Court granted that motion. Following a hearing to set the amount of contractually owed attorney's fees, the Supreme Court entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $97,308.82.

In support of its motion for summary judgment, the plaintiff submitted monthly billing statements from 1993 to 2011, together with an affidavit from its vice-president and credit manager explaining that the billing statements were sent to the defendants in the ordinary course of business and that the defendants accepted and retained those statements without objection. The billing statements also demonstrated that the defendants had made partial payments on the account until on or about May 2010. This was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated (*see American Express Centurion Bank v Gabay*, 94 AD3d 795 [2012]). In opposition, the defendants failed to submit any evidence that would raise a triable issue of fact as to whether they received the billing statements or ever disputed the bills. Their specific argument that the plaintiff was required, and failed, to submit proof of the manner in which the statements were mailed, which was not raised before the Supreme Court, is not properly before this Court (*see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676 [2014]; *HSBC Bank USA, N.A. v Calderon*, 115 AD3d 708 [2014]).

Moreover, the Supreme Court properly determined that the plaintiff established, prima facie, that the individual defendant, Frank Deluca, by virtue of the language in the parties' agreement, personally guaranteed the amounts owed (*see Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912 [2014]; *HSBC Bank USA, N.A. v Goldberger*, 105 AD3d 906, 907 [2013]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contention, that the plaintiff failed to submit evidence that the defendants were contractually or otherwise liable for the amounts owed by the predecessor company of the defendant Cosmopolitan Coach, Ltd., is likewise without merit. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.