■ Vanzo Wholesale Food Equipment, Inc., Respondent, v 28 McEwan Street, LLC, Doing Business as Fratellos Brick Oven Pizza, Appellant. [18 NYS3d 90]—

In an action, inter alia, to recover on an account stated, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated October 1, 2013, as granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of its motion for summary judgment on the complaint, the plaintiff submitted the affidavit of its president, stating that the plaintiff generated billing invoices as well as the statement of account for the defendant in the regular course of business, which the defendant accepted and retained, without objection. The billing invoices further demonstrated that the defendant had made partial payments on the account. Consequently, the plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action to recover on an account stated (*see National Commerce Exch. of Long Is., Inc. v Cosmopolitan Coach, Ltd.*, 120 AD3d 1208, 1209 [2014]; *Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573, 574 [2013]; *American Express Centurion Bank v Gabay*, 94 AD3d 795, 795 [2012]; *LD Exch. v Orion Telecom. Corp.*, 302 AD2d 565, 565 [2003]).

In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912, 913 [2014]; *Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.*, 57 AD3d 708, 710 [2008]). The defendant's contention that the motion for summary judgment was premature because disclosure was not complete is without merit, since it failed to demonstrate "that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *see Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

Since the defendant's appendix was inadequate (*see* CPLR 5528 [a] [5]; Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1]), the plaintiff is entitled to recover from the defendant the expense of printing, serving, and filing its supplemental appendix (*see* CPLR 5528 [e]; *Matter of Costco Wholesale Corp. v Town Bd. of Town of Oyster Bay*, 90 AD3d 657, 659 [2011]; *Wenger v Alidad*, 265 AD2d 322, 324 [1999]; *Fidelity N.Y. v Madden*, 212 AD2d 572, 573-574 [1995]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.