■ JAYBAR REALTY CORP. et al., Plaintiffs, v JOSEPH ARMATO et al., Defendants, and CAPITAL ONE, N.A., Also Known as CAPITAL ONE BANK (USA), N.A., and Another, Defendant/Third-Party Plaintiff-Appellant. SOVEREIGN BANK, N.A., Also Known as BANCO SANTANDER, S.A., Third-Party Defendant-Respondent. [33 NYS3d 909]—In an action, inter alia, to recover damages for the conversion of certain checks, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated May 19, 2014, as granted the motion of the third-party defendant pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the third-party defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint. Accepting the allegations in the third-party complaint as true, and affording the defendant/third-party plaintiff the benefit of every favorable inference (*see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884 [2013]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), the third-party complaint failed to state a cause of action under UCC 3-405 (1) (a) (*see Pellicio v Hartford Life Ins. Co.*, 262 AD2d 293, 294 [1999]; *Shube v Cheng*, 157 Misc 2d 255, 259 [1993], *affd* 208 AD2d 606 [1994]). The third-party complaint also failed to state a cause of action for common-law indemnification and contribution (*see* CPLR 3013; *Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Seldin v Smith*, 76 AD3d 623, 625 [2010]).

The defendant/third-party plaintiff's remaining contention is without merit. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.