Freed v Best (2019 NY Slip Op 06751)





Freed v Best


2019 NY Slip Op 06751


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03992
 (Index No. 1247/14)

[*1]Todd E. Freed, et al., respondents, 
v
Barbara Best, defendant, Zarko Svatovic, appellant.


Zarko Svatovic, New York, NY, appellant pro se.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Lisa J. Ross of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to compel the determination of claims to real property, and for injunctive relief, the defendant Zarko Svatovic appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 6, 2017. The order, insofar as appealed from, denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs own real property located on the south side of New Suffolk Avenue in Cutchogue, which borders the Peconic Bay. The defendants own property located on the north side of New Suffolk Avenue. The defendants claim to have a deeded easement over a 33-foot-wide portion of land bordering the plaintiffs' property (hereinafter the disputed parcel) granting them access from New Suffolk Avenue to the Peconic Bay. In January 2014, the plaintiffs commenced this action, alleging that they owned the disputed parcel, and seeking, among other things, to permanently enjoin the defendants from interfering with the plaintiffs' property rights and a judgment declaring that the defendants have no interest or rights in the disputed parcel. In the order appealed from, as relevant to this appeal, the Supreme Court denied that branch of the cross motion of the defendant Zarko Svatovic which was for summary judgment dismissing the complaint insofar as asserted against him. Svatovic appeals.
RPAPL 1501(1) provides that a person who "claims an estate or interest in real property . . . may maintain an action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make" (see Wellington v Financial Freedom Acquisition LLC, 132 AD3d 506, 506-507).
Here, Svatovic contends that the plaintiffs cannot maintain this action inasmuch as their claim of ownership to the disputed parcel is based on their filing of a fraudulent deed. Initially, contrary to the plaintiffs' contention, Svatovic was not precluded from seeking summary judgment, in part, on the ground of fraud. Although Svatovic failed to plead fraud as an affirmative defense (see CPLR 3018[b]), "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602; see Millbrook Hunt v Smith, 249 AD2d 283, 284). The plaintiffs were not prejudiced by Svatovic's unpleaded fraud defense, as his motion papers apprised the plaintiffs of the [*2]defense, and the plaintiffs availed themselves of the opportunity to respond in their opposition papers (see Hanspal v Washington Mut. Bank, 153 AD3d 1329; Cangialosi v Hallen Constr. Corp., 282 AD2d 565, 566; Millbrook Hunt v Smith, 249 AD2d at 284; Sunset Park Redevelopment Commn. v Bowery Sav. Bank, 224 AD2d 608, 609).
Nevertheless, Svatovic failed to establish, prima facie, that the plaintiffs filed a fraudulent deed (see generally Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 902), or that the plaintiffs otherwise lacked an ownership interest in the disputed parcel which would preclude them from maintaining this action (see RPAPL 1501[1]; cf. Paragon v Paragon, 164 AD3d 1460, 1461).
Svatovic's remaining contentions are without merit.
Accordingly, since Svatovic failed to establish his prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination to deny that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since the appendix submitted by Svatovic was inadequate (see CPLR 5528[a][5]; 22 NYCRR 670.10.2[c][1]), the plaintiffs are entitled to recover from Svatovic the expense of printing, serving, and filing their supplemental appendix (see CPLR 5528[e]; Vanzo Wholesale Food Equip., Inc. v 28 McEwan St., LLC, 132 AD3d 754, 755; Matter of Costco Wholesale Corp. v Town Bd. of Town of Oyster Bay, 90 AD3d 657, 659).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court