23rd St. Berk, LLC v Journey Flatiron L.L.C. (2024 NY Slip Op 51276(U))

[*1]

23rd St. Berk, LLC v Journey Flatiron L.L.C.

2024 NY Slip Op 51276(U)

Decided on September 12, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2024
Supreme Court, New York County

23rd Street Berk, LLC, Plaintiff,

against
The Journey Flatiron Limited Liability Company, Defendant.

Index No. 651558/2024

Lippes Mathias LLP, Albany, NY (Conor E. Brownell of counsel), for plaintiff.
Avallone & Bellistri, LLP, Lake Success, NY (Rocco G. Avallone of counsel), for defendant.

Gerald Lebovits, J.

This is a contract action, brought by plaintiff, 23rd Street Berk, LLC, against defendant, the Journey Flatiron Limited Liability Company. Plaintiff and defendant entered into a public-relations-services agreement in September 2023. (See NYSCEF No. 10.) The total value of the services to be provided under the agreement was $27,000.00, to be paid in three equal monthly installments of $9,000.00. (NYSCEF No. 8 at ¶ 7.)
Plaintiff, alleging that defendant had failed to make the required payments, brought this action in March 2024, asserting claims for breach of contract and an account stated. (See NYSCEF No. 1.) Plaintiff now moves under CPLR 3212 for summary judgment for the contract amount of $27,000, plus interest and attorney fees. The motion is denied.
DISCUSSION
A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of a material issues of fact." (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) If the movant makes that prima facie showing, the burden shifts to the non-movant to produce evidence raising material issues of fact requiring a trial. (Id.) In evaluating the parties' respective showings, the "evidence should be analyzed in the light most favorable to the party [*2]opposing the motion." (Martin v Briggs, 235 AD2d 192, 196 [1st Dept 1997].)
1. With respect to plaintiff's breach-of-contract claim, a party suing in contract must establish the existence of a contract, plaintiff's performance, defendant's breach of that contract, and resulting damages. (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010].)
Plaintiff's motion papers do not show, prima facie, that all of these elements have been satisfied. Plaintiff relies on one conclusory statement in an affidavit from its chief financial officer, Patrick Resk, that plaintiff provided the services required of it under the agreement. (See NYSCEF No. 8 at ¶ 8.) It is undisputed that plaintiff provided some services to defendant, but plaintiff provides no specific information about the services provided, nor evidence that the provided services were satisfactory.
Moreover, even assuming that the representation in the Resk affidavit were sufficient for prima facie purposes, defendant's opposition papers raise material disputes of fact. The affidavit of defendant's owner represents that plaintiff's performance was unsatisfactory in multiple specified ways (see NYSCEF No. 16 at ¶¶ 7-11)—and that defendant raised concerns with plaintiff about its performance at the time (see id. at ¶¶ 9-10; NYSCEF No. 19).
Plaintiff argues that some of defendant's objections merely amount to dissatisfaction with the results of plaintiff's public-relations efforts, and that the agreement did not guarantee success. (See NYSCEF No. 22 at ¶¶ 13-16.) Construing the evidence in the light most favorable to the non-moving party, though, a reasonable jury could find that the shortcomings defendant identified were sufficiently severe to call into question whether plaintiff provided the contracted-for services. This court is also not persuaded by plaintiff's objection that the social-media-posting expectations noted in defendant's emails with plaintiff are extra-contractual—such that failure to meet those expectations would not undermine plaintiff's argument that it performed. (See id. at ¶¶ 5-12.) The contract on its face appears to contemplate collaboration between the parties, following execution of the contract, to further develop and implement a social-media strategy. (See NYSCEF No. 10 at 10-11.) Plaintiff has not established as a matter of law that its social-media work on defendant's behalf was consistent with the strategy the parties had developed.
2. With respect to plaintiff's account-stated claim, a party suing on an account stated must establish that it sent invoices to defendant and that those invoices were received and retained by defendant without objection made in a reasonable period of time. (See Morrison Cohen Singer & Weinstein, LLP v Brophy, 19 AD3d 161, 161-162 [1st Dept 2005]; LD Exch., Inc. v Orion Telcoms. Corp., 302 AD2d 565, 565 [2d Dept 2003].) Plaintiff has not provided prima facie proof of these elements. The Resk affidavit in plaintiff's opening papers represents only that plaintiff "invoiced Defendant for the agreed-upon amounts under the terms of the Agreement." (NYSCEF No. 8 at ¶ 8.) But the affidavit does not say how the invoices were sent, or provide evidence either of transmission or of receipt.[FN1]

Further, the Resk affidavit represents that (i) the total value of the contract was $27,000; (ii) payment was to be made in three installments; and (iii) defendant did not pay any of those installments. (See id. at ¶¶ 7, 10.) In opposition, defendant contends that it had paid plaintiff $9,000, and therefore that awarding plaintiff the full $27,000 claimed would result in unjust [*3]enrichment.[FN2]
(See NYSCEF No. 21 at 6.) On reply, Resk submits another affidavit, in which he concedes that defendant made that payment, but goes on to claim that defendant failed to make payment on three other $9,000 invoices, and was therefore still obligated to plaintiff for the $27,000 claimed. (See NYSCEF No. 23 at ¶¶ 3-4.)
Resk does not attempt to reconcile the inconsistency between his two affidavits on this motion. Nor does he explain why the earliest of the three invoices submitted on this motion carries the notation "Installment 2 of 3," rather than "2 of 4." (NYSCEF No. 11 at 1.) It is possible that the parties agreed among themselves to increase the contract price by 25%—the possibility of which is arguably contemplated by the contract (see NYSCEF No. 10 at 1)—but plaintiff does not say that is what occurred (much less provide evidence to that effect). The questions raised by plaintiff's inconsistent factual accounts provide an additional, independent reason why summary judgment on plaintiff's second cause of action must be denied.
Accordingly, it is
ORDERED that plaintiff's summary-judgment motion is denied; and it is further
ORDERED that the parties appear before this court for a telephonic preliminary conference on September 28, 2024.
DATE 9/12/2024

Footnotes

Footnote 1:The agreement appears to envision that invoices would be mailed to defendant. (See NYSCEF No. 10 at 1.) Plaintiff provides no proof of mailing.

Footnote 2:The parties' agreement calls for the initial $9,000 installment to be paid at execution. (See id.)