James H. Boomer, J.
This matter was brought on at Special Term by affidavit and order to show cause ‘1 Why an order should not issue herein awarding to the plaintiffs the possession of said premises as alleged in plaintiffs’ affidavit pursuant to the terms of the license agreement; for a warrant to remove said defendant from possession of said premises, to have said fence removed which is allegedly in violation of said license agreement, and for a judgment against the defendant and in favor of plaintiffs in the amount of one thousand dollars ($1,000) for the loss of use of said driveway and for such other and further relief as may be equitable.” No previous action has been commenced and no complaint or petition has been served.
While, under CPLB, 103, the court may not dismiss a proceeding .solely because it is not brought in the proper form, still it is essential that judicial proceedings be brought in some form so that the issues may be properly framed and intelligently determined. This matter cannot be considered a summary proceeding to recover possession of real property pursuant to article 7 of the Beal Property Actions and Proceedings Law. No landlord and tenant relationship exists as required under section 711 of that article nor do the facts fall under any of the grounds *128 enumerated in section 713. Plaintiffs may seek the relief they request only in a plenary proceeding such as an action for an injunction or for a declaratory judgment.
Since both parties, however, have requested a determination by this court on the merits, I will treat the plaintiffs’ affidavit as a complaint and defendant’s reply affidavit as a motion seeking dismissal of the complaint. The plaintiffs, in their affidavit, allege that a written agreement was entered into between plaintiffs and their next door neighbor, the defendant, which reads as follows:
“ Whereas, the parties of the first part are desirous to have a right or license to use an area presently black-topped for the purposes of a driveway running along* the structure owned by the party of the second part and being approximately two and one-half feet in width to the lot line .separating the property known as 291 and 295 Wilder Street, and the party of the second part being desirous of giving said license,
‘ ‘ Now, therefore in consideration of $1.00 and other good and valuable consideration, the parties agree as follows:
“ (1) The party of the second part hereby gives the parties of the first part a right nr license to use the property owned by the party of the second part between said parties’ structure located at 291 Wilder Street in the City of Rochester, New York and lot line separating the property owned by the parties of the first part known as 295 Wilder Street and the property owned by the party of the second part known as 291 Wilder Street, for the purpose of a driveway. That more particularly said license is to only cover the area in which blacktop has presently been laid, that area running along the structure and being* approximately two and one-half feet in width. That said right to use this strip of land is only a license and is not to run with the title. That the parties of the first part are to have said license as long as they own said property known as 295 Wilder Street. That in the event said property is conveyed by the said parties of the first party, then in that event the right or license is to terminate. ’ ’
The plaintiffs further allege that the defendant erected a fence “ on the blacktopped area in which said license was granted ” and that “ the erection of said fence is in direct violation of the aforementioned license agreement ”.
The defendant, in her answering affidavit, states, and the plaintiffs agree that no consideration was given to the defendant for this agreement.
The defendant contends that this agreement is, as it is characterized in the agreement, a license; that a license is revocable *129 at will; and that she revoked this license by her unequivocal act of placing a fence upon the licensed area. While the label placed by the parties on an instrument is not necessarily controlling upon the court in construing the nature of that instrument, this agreement does appear to have all the characteristics of a license and the word ‘1 license ’ ’ appears to have been deliberately used in its legal sense. 1 ‘ While it is often difficult to distinguish a license in respect of real property from an easement, they are distinct in principle. A license does not imply an interest in land; it may be by parol, and is a mere personal privilege to commit some act or series of acts upon the land of another without possessing any estate therein; whereas an easement implies an interest in land ordinarily created by a grant, and is permanent in nature. Under a license, there is a mere authority to enter upon the land of another for a temporary purpose and to do a particular act or series of acts thereon; under an easement there is a permanent interest in the land, amounting to an estate in the land, which is transferable and irrevocable.” (17 N. Y. Jur., Easements and Licenses, § 195.) The right in this case is not an easement, for it is personal to the plaintiffs and “ is not to run with the title ”. I construe this agreement to be a license.
The well-settled doctrine of the common law is that a license in respect of real property is revocable at the will of the licensor, unless it is one coupled with an interest or made irrevocable by grant or contract. In other words, ‘ ‘ a naked license is revocable at the will of the licensor.” (17 N. Y. Jur., Easements and Licenses, § 211.) There is no showing by plaintiffs that this license was coupled with an interest. Nor has it been made irrevocable by grant or contract, for it was not made in connection with a grant or deed and there is no claim by the plaintiffs that there was any consideration sufficient to support a contract. Hence, this license was revocable and was revoked by the act of the defendant in placing a fence over the area to be used under the license. The plaintiffs’ affidavit, which I have considered to be a complaint, is dismissed.