■ Salvatore Stratis et al., Respondents, v William J. Doyle et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Doran, J.), entered October 22, 1990 in Schenectady County, which granted plaintiffs' motion to dismiss, *inter alia,* various affirmative defenses in defendants' answers.

By deed dated March 2, 1979, defendant William J. Doyle granted his neighbor Donald Abbatiello a right-of-way across his property for the purpose of constructing a driveway. The deed also provided that "[Abbatiello] agrees that he will

construct and maintain such driveway upon the lands described above in a good, workmanlike manner [and] that the same will be completed by April 1, 1980". Through two separate transfers, Doyle sold some of the property over which the right-of-way was to pass to defendant Mark F. Dennebaum. Thereafter, Abbatiello's property passed to his mortgagee which ultimately conveyed it to plaintiffs as tenants in common.

Plaintiffs commenced this RPAPL article 15 action alleging that Doyle improperly interfered with their use of the right-of-way they claimed to have obtained by purchasing Abbatiello's property, and demanded declaratory and injunctive relief. Doyle answered by way of affirmative defenses and counterclaims alleging that the right-of-way was merely a license, personal to Abbatiello, and not an easement appurtenant and, alternatively, that if the right-of-way was an easement, a condition subsequent requiring construction and maintenance of a driveway had failed, resulting in a forfeiture of the right-of-way. Dennebaum also answered and asserted similar affirmative defenses and causes of action against Doyle and plaintiffs. Doyle answered Dennebaum's claim and plaintiffs interposed appropriate responsive pleadings. Plaintiffs thereafter moved for summary judgment dismissing Doyle's first affirmative defense and/or counterclaim and Dennebaum's counterclaim and purported third-party complaint. Supreme Court granted the motion. Doyle and Dennebaum appeal.

We affirm. Supreme Court correctly determined, as a matter of law, that the grant of the right-of-way was an easement. The interest created was by warranty deed, suggesting a transfer of an interest in real property; the word "grant" is used, suggesting that an easement was intended; specific words of inheritance are used; and no rights of revocation are withheld *(see, Evans v Taraszkiewcz,* 125 AD2d 884, 885-886). Hence, we conclude that the grant of a nonexclusive right by Doyle to construct and maintain a right-of-way across his property created an easement rather than a license *(see, supra; cf., Senrow Concessions v Shelton Props.,* 10 NY2d 320, 325-326).

Next, we reject defendants' argument that the deed's language referring to construction and maintenance of the driveway created a condition subsequent, the failure of which results in a forfeiture of any alleged easement. "Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be

gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; see, Loch Sheldrake Assocs. v Evans, 306 NY 297, 304; Pacamor Bearings v British Am. Dev. Corp., 108 AD2d 191, 192). Conditions subsequent are disfavored and are not found to exist unless the intention to create them is clearly expressed (see, Trustees of Calvary Presbyt. Church v Putnam, 249 NY 111, 115; 1A Warren's Weed, New York Real Property, Conditions and Limitations, § 2.02 [4th ed]). Here, nothing in the deed expresses an intent to create such a condition (see, Fausett v Guisewhite, 16 AD2d 82, 87). Considering this and Doyle's failure to retain any expressed or implied reversionary interest or a right of reentry (see, supra; see also, Suffolk Business Center v Applied Digital Data Sys., 162 AD2d 677, 678, lv granted 77 NY2d 804), we hold that the deed contains only a covenant requiring construction and maintenance of a driveway and not a condition subsequent.

Casey, Weiss and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.