■ H. EVERETT SIMMONS, Appellant, v BRUNO ABBONDANDOLO et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered March 4, 1991 in Delaware County, which, inter alia, denied plaintiff's motion for summary judgment.

By deed dated November 15, 1980, plaintiff and his wife conveyed a portion of a parcel of real property which they owned on State Route 23 in the Town of Harpersfield, Delaware County, to defendants. Of greatest interest here is the deed's reservation of a right-of-way over an existing driveway providing a means of access to the property retained by plaintiff and his wife. The specific language of the reservation follows: "EXCEPTING AND RESERVING to the grantors, personally,[*] for so long as they shall own the premises to the

---

* The words "their heirs and devisees" had originally been included in the deed, but that language was crossed out and replaced with the word "personally". The handwritten initials "E.S." were placed above the changed language.

northwest of those conveyed, the right of way and use of the aforementioned existing driveway which traverses the western corner of the premises conveyed, together with the right to repair, rebuild, and maintain said driveway as it exists on the date of these presents."

Alleging that on October 3, 1989 and continuously thereafter defendants obstructed the right-of-way by placing a pile of gravel and other material on it, plaintiff brought this action to enjoin defendants' obstruction of the right-of-way and for money damages. Following joinder of issue and the completion of discovery, plaintiff moved and defendants cross-moved for summary judgment. Supreme Court denied both motions, determining, among other things, that plaintiff possessed only a license and, thus, was not entitled to injunctive relief. Plaintiff appeals.

We affirm. Although it is often difficult to distinguish between an easement, which is an interest in real property, and a mere license, which implies no such interest, a license can be distinguished by the fact that it is personal to the holder, is not assignable and is of limited duration (see, 49 NY Jur 2d, Easements, §§ 195-197, at 327-330). Here, by reserving the right-of-way to plaintiff and his wife "personally" and by limiting its duration to the period when plaintiff and his wife continued to own the benefitted property, the parties rendered the privilege to use the driveway impermanent and inalienable, with no characteristic of an interest in realty (see, Cioppa v Turri, 67 Misc 2d 127, 128-129; cf., Trustees of Southampton v Jessup, 162 NY 122, 126-127; Yager Pontiac v Danker & Sons, 69 Misc 2d 546, 550-551, affd 41 AD2d 366, affd 34 NY2d 707). Inasmuch as a license may be revoked at will (see, 49 NY Jur 2d, Easements, § 195, at 327-328), Supreme Court properly denied plaintiff injunctive relief and left the issue of plaintiff's entitlement to money damages (see, 49 NY Jur 2d, Easements, § 234, at 361) to be resolved at trial.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.

