■ MILLBROOK HUNT, INC., Respondent, v EDGAR O. SMITH, Appellant. [670 NYS2d 907] —In an action, *inter alia*, for a judgment declaring that the plaintiff has an easement over the defendant's property and to permanently enjoin the defendant from interfering with the plaintiff's use of that easement, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 26, 1996, which denied his motion for summary judgment dismissing the complaint, and granted the plaintiff's cross motion to dismiss his affirmative defenses and all counterclaims, and (2) an interlocutory judgment of the same court, entered August 20, 1996, which, upon the order dated March 26, 1996, declared that the plaintiff maintains an easement over the defendant's property, and dismissed the defendant's second affirmative defense and all counterclaims.

Ordered that the order and the interlocutory judgment are affirmed, without costs or disbursements.

The plaintiff, Millbrook Hunt, Inc. (hereinafter the Hunt), is an organization dedicated to the preservation and perpetuation of traditional fox hunting. The defendant Edgar O. Smith is the owner of a 285-acre parcel of land situated in the Town of Stanford, Dutchess County, which is subject to an agreement captioned "Lease and Easement Agreement" (hereinafter the Agreement), and which permits the Hunt to use the land for the purpose of fox hunting. The Agreement was entered into by

the Hunt and Smith's predecessor in title in 1987, and was for a term of 75 years "unless terminated sooner pursuant to the terms of the Lease or pursuant to law". In 1995 Smith, who objected to hunting and who had undertaken measures to transform his property into a wildlife habitat and nature preserve, ejected members of the Hunt from his property while they were performing routine maintenance of their fox-hunting trails.

The Hunt thereafter commenced this action seeking, *inter alia*, a judgment declaring that it has an easement over Smith's property, and to permanently enjoin Smith from interfering with its use of that easement. Smith moved for summary judgment dismissing the complaint on the ground that at most the Agreement conferred a revocable license to the Hunt, which he had terminated. The Hunt cross-moved to dismiss the affirmative defenses and the counterclaims contained in Smith's answer. The Supreme Court denied Smith's motion and granted the Hunt's cross motion, and an interlocutory judgment was entered August 20, 1996.

To determine the true character of an interest, a court must examine the nature of the right rather than the name given to it by the parties (*see, City of New York v Pennsylvania R. R. Co.*, 37 NY2d 298). The mere labeling of an interest as an easement does not necessarily make it an easement; it may be a license (*see*, 49 NY Jur 2d, Easements, § 3). Easements and licenses in real property are distinct in principle, though it is sometimes difficult to distinguish them (*see*, 49 NY Jur 2d, Easements, §§ 3, 196-197). An easement implies an interest in land ordinarily created by a grant, and is permanent in nature (*see*, 49 NY Jur 2d, Easements, § 197; *see also, Simmons v Abbondandolo*, 184 AD2d 878). A license does not imply an interest in land, but is a mere personal privilege to commit some act or series of acts on the land of another without possessing any estate therein.

Here, paragraph 1 of the Agreement indicates that the Hunt leased a particular one-quarter acre parcel of land for a period of 75 years. In addition, pursuant to paragraph 6 of the Agreement, the Hunt clearly reserved an absolute right to fox hunt on the remaining parcel of land. This right was for the benefit of the Hunt and attached to it without reference to use on any particular lands. Contrary to Smith's contentions, the fact that paragraph 10 of the Agreement reserves to the grantor the "absolute right to develop his land" and the right to redirect the Hunt's trails, does not render the grant a revocable license. Although the agreement provides that the grantor may

"relocate" the Hunt's improvements, or redirect their trails "in order to make such improvements to the Land", the grantor does not have the right to completely exclude the Hunt from the property. Furthermore, an essential feature of the type of easement involved herein, which distinguishes it from a license, is that the interest in the land is for some definite period (49 NY Jur 2d, Easements, § 3). Here, the agreement specifically provides that the Hunt's right to use the parcel was for a definite period of 75 years.

It is clear that the parties sufficiently expressed their intent to reserve to the Hunt a permanent right to fox hunt on the parcel. Thus, the Hunt has an easement in the disputed area rather than a revocable license. Smith had both actual and constructive notice of this easement prior to the date that he bought the land and is estopped from denying its existence (*see, Bridger v Pierson*, 45 NY 601, 604-605).

We have examined Smith's remaining contentions and find them to be without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.