■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, and HILTON INTERNATIONAL COMPANY et al., Respondents. [690 NYS2d 260] —Order, Supreme Court, New York County (Emily Goodman, J.), entered February 10, 1998, which, in this declaratory judgment action, *inter alia*, granted the motion of plaintiffs and defendants on the counterclaims for summary judgment, declaring in their favor that they are not obligated to defend or indemnify defendant Port Authority for any claims arising out of the World Trade Center bombing, and dismissing defendant Port Authority's counterclaims, unanimously affirmed, without costs.

In the aftermath of the terrorist bombing of the World Trade Center on February 26, 1993, some 28 personal injury claims were filed against defendant Port Authority by persons who, at the time of the bombing, happened to be upon World Trade Center premises leased and/or managed by respondents Inhilco and Hilton pursuant to agreements with Port Authority. Port Authority has asserted that it is entitled to indemnification from Inhilco and Hilton for liability arising from these claims by reason of indemnification provisions contained in the aforesaid management and lease agreements providing that Inhilco

and Hilton would indemnify Port Authority and hold it harmless, "from all claims and demands of third persons including but not limited to those for death, personal injuries, or for property damages arising out of the use or occupancy" of the subject restaurant and hotel premises. We agree with the motion court that the claims for which indemnification is sought did not arise out of use or occupancy of the subject premises. It is plain that the planting of the bomb whose detonation led to the claimants' injuries, in a portion of the World Trade Center over which respondents indisputably exercised no control (*cf.*, *ZKZ Assocs. v CNA Ins. Co.*, 89 NY2d 990), was not in any way attributable to the use or occupancy of the premises respondents leased and managed. While the claimants' injuries may, broadly speaking, be said to have been connected to their presence on those premises (*see, Amato v Our Lady of Peace R. C. Church*, 56 NY2d 999), they cannot fairly be said to have arisen from that circumstance (*see, Sea Ins. Co. v Westchester Fire Ins. Co.*, 849 F Supp 221, 226, *affd* 51 F3d 22). Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.