OPINION OF THE COURT
John J.J. Jones, Jr., J.
Ordered that this motion by plaintiff, Michael R. Zotos, for *796 an order granting leave to renew and/or reargue his prior motion for summary judgment is granted and, upon such reargument, the order of this court dated July 20, 1999 is hereby recalled and vacated and such motion and the cross motion by defendants, Marketspan Corporation, doing business as Keyspan Energy, and LIPA, for an order granting summary judgment in their favor dismissing the complaint, are determined as set forth herein. '
Plaintiff commenced this action pursuant to RPAPL article 15 for a declaratory judgment that defendants be barred from any claim to an easement upon certain real property owned by the plaintiff. The property consists of certain lots conveyed to plaintiff by the executors of the estate of Charles Solomon by deed dated April 26, 1991 and recorded May 14, 1991. According to the plaintiff, Charles Solomon obtained the property by tax deed dated January 10, 1969, such sale having been conducted for unpaid 1964-1965 taxes assessed to R. Fitzpatrick. It is undisputed that defendants maintain certain power lines over the subject premises in reliance upon the following grant executed by James T. Fitzpatrick which is recorded in the Suffolk County Clerk’s office on the 18th day of November 1925 on page 542 in Liber 150 of Deeds:
“received from the long island lighting company $25.00 in consideration of which I hereby grant unto said Company, its successors and assigns, the Right, Privilege and Authority, to construct, reconstruct, operate and maintain, its transmission lines for conducting electricity, including such poles or towers, cross-arms, wires, cables, guys, stubs, anchors, brace poles, and appurtenances thereto, with the right to trim or cut down, from time to time, any trees along the line as said Company may deem necessary or proper therefore, upon, over and along the property which I claim to own, and in a location Medford Park — Lots 3-4-S-6. Block #20 Line to run East and West. The above mentioned property located in the Town of Brookhaven, County of Suffolk, State of New York, witness my hand and seal this 30 day of September 1926, at N.Y.C.
*797 “JAMES T. FITZPATRICK L.S.
“(Land Owner)
“Witness G. N. Robinson
“State of New York )
“County of New York) ss:
“City of )
“On this 1st day of October in the year nineteen hundred and Twenty-five (1925) before me personally came G. N. Robinson subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say, that he resided at Babylon, County of Suffolk, State of New York with James T. Fitzpatrick and knew him to be the individual described in, and who executed the foregoing instrument, and that he, said subscribing witness, was present and saw him execute the same; and that he, said witness, hereupon subscribed his name as witness thereto.
“Robert E. Tuthill
“Notary Public
“Suffolk Co.”
It is the plaintiff’s claim that Fitzpatrick was without authority to grant any rights since he was not the owner of the subject premises and that, at best, the grant was not an easement but was merely a license. Defendants assert, however, that their right to maintain power lines on and over the subject property is derived from the recorded Fitzpatrick easement which is not defeated by the apparent absence of a filed deed in Fitzpatrick’s name.
Although it is often difficult to distinguish between an easement, which is an interest in real property, and a mere license, which implies no such interest, a license can be distinguished by the fact that it is personal to the holder, is not assignable *798 and is of limited duration (Henry v Malen, 263 AD2d 698, 702 [3d Dept 1999], citing Simmons v Abbondandolo, 184 AD2d 878, 879). An easement implies an interest in land ordinarily created by a grant (see, Stratis v Doyle, 176 AD2d 1096 [3d Dept 1991]) and is permanent in nature, while a license is a mere personal privilege to commit some act or series of acts on the land of another without possessing any estate therein (Millbrook Hunt v Smith, 249 AD2d 281, 282 [2d Dept 1998]). In the recorded document upon which defendants base their claim, the word “grant” is used, there is specific reference to “successors and assigns,” and no right of revocation is withheld, all of which suggests that an easement was intended (see, Stratis v Doyle, supra). Furthermore, the easement contains an accurate and adequate description of the property. Moreover, the recording of the easement, coupled with the long-term presence of power lines over the property, provided plaintiff with both actual and constructive notice of the existence and location of the easement (see, Millbrook Hunt v Smith, supra; see also, Green v Mann, 237 AD2d 566 [2d Dept 1997]).
Notwithstanding plaintiffs assertion to the contrary, the apparent absence of a recorded deed of ownership in the property by Fitzpatrick does not defeat defendant’s easement claims. Furthermore, while Real Property Law § 261 bars the presumption of a grant or the acquisition of a prescriptive right to an easement through adverse possession by defendants, defendants’ claim rests upon a recorded easement, not on adverse possession (see, Pallone v New York Tel. Co., 34 AD2d 1091 [4th Dept 1970], affd 30 NY2d 865 [1972]; see also, Keinz v Niagara Mohawk Power Corp., 41 AD2d 431 [4th Dept 1973]).
In view of the foregoing, the defendants have made a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issues of fact (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]) and the plaintiff has failed to produce evidentiary proof sufficient to defeat defendants’ cross motion. Accordingly, the plaintiffs motion is denied in its entirety and the defendants’ motion for summary judgment dismissing the complaint is granted and the complaint is hereby dismissed.