■ MICHAEL R. ZOTOS, Appellant, v MARKETSPAN CORPORATION, Doing Business as KEYSPAN ENERGY, et al., Respondents. [733 NYS2d 620] —Motion by the appellant for reargument of appeals from an order of the Supreme Court, Suffolk County, dated March 31, 2000, and a judgment of the same court entered June 14, 2000, which were determined by decision and order of this Court dated November 27, 2000.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated November 27, 2000 (277 AD2d 450) is recalled and vacated, and the following decision and order is substituted therefor:

In an action pursuant to RPAPL article 15, *inter alia,* for a judgment declaring that the defendants do not have an easement over the plaintiff's property, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated March 31, 2000, as, upon renewal, denied his motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court, entered June 14, 2000, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by adding thereto a provision declaring that the defendant LIPA has an easement over the plaintiff's property; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In support of their cross motion, the defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint. They submitted evidence demonstrating that in 1925 James Fitzpatrick, the owner of the land now owned by the plaintiff (*cf., Berman v Golden,* 131 AD2d 416), granted LIPA's predecessor in interest an easement over the property (*see, Millbrook Hunt v Smith,* 249 AD2d 281; *Antonopulos v Postal Tel. Cable Co.,* 261 App Div 564). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the defendants' cross motion (*see, Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of LIPA (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Goldstein, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.