■ FAC Continental LLC, Respondent-Appellant, v Yick-jing567 LLC, Appellant-Respondent. (Appeal No. 1.) [911 NYS2d 526]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered April 30, 2009 in a breach of contract action. The order denied the amended motion of plaintiff for summary judgment and granted in part and denied in part the cross motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the amended motion, and denying the cross motion in its entirety, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant breached the real estate contract pursuant to which plaintiff was to purchase property owned by defendant. In appeal No. 1, plaintiff appeals from an order denying its amended motion seeking summary judgment on the complaint and granting that part of the cross motion of defendant seeking summary judgment on its second counterclaim for liquidated damages based on plaintiff's alleged breach of the contract. In appeal No. 2, plaintiff appeals from an order awarding defendant liquidated damages in the amount of the deposit made by plaintiff.

The contract required that defendant, as the seller, warrant that it had not received "any notices of any uncorrected violation of any . . . ordinances." The contract further provided that its terms "may . . . be amended, waived or terminated . . . only by written instrument signed by both [plaintiff and defendant]." It is undisputed that, prior to the closing, defendant received a notice from the City of Buffalo (City) that it was in violation of a City ordinance requiring that all exterior surfaces be maintained in good condition. Defendant's principal and an agent of plaintiff met with the City's Building Inspector to discuss the violation. According to the affidavit of defendant's principal submitted in support of the cross motion, plaintiff's agent requested an extension of the deadline to paint the building and stated that plaintiff's principal had intended to paint the building after it was purchased. The extension was granted to defendant as the owner of the property. Thereafter, counsel for plaintiff advised defendant's counsel that plaintiff decided to terminate the contract inasmuch as the violation of the City ordinance "remain[ed] uncured," and thus defendant was in violation of the contract. Supreme Court determined that the violation was not an uncorrected violation pursuant to the contract because an extension to correct the violation had been granted by the City.

We agree with plaintiff that the violation was uncorrected and thus the court erred in denying the amended motion and granting that part of the cross motion with respect to the second counterclaim. We therefore modify the order in appeal No. 1 accordingly, and we reverse the order in appeal No. 2. It is axiomatic that " '[t]he best evidence of what parties to a written agreement intend is what they say in their writing' . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Innophos, Inc. v Rhodia, S.A.*, 10 NY3d 25, 29 [2008]). The terms of the contract are clear and unambiguous with respect to the requirement that defendant warrant, at the time of the closing, that it had not received notice of an uncorrected violation of an ordinance, and it is undisputed that the violation in question had not been corrected at the time of the closing. Indeed, in opposition to the amended motion, defendant did not allege that the extension to correct the violation granted by the City was sufficient to satisfy the terms of the contract but, rather, defendant alleged that plaintiff waived the requirement that defendant warrant that it did not have notice of a violation of any ordinance. The contract, however, required that any waiver be in writing, and it is undisputed that the respective principals of the parties did not sign a written instrument waiving the term of the contract that is in dispute (*see* General Obligations Law § 15-301 [1]).

Finally, we reject the contention of defendant in appeal No. 1 that, because it has not had the opportunity to conduct discovery, an award of summary judgment in favor of plaintiff is premature. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.