# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**161**

**CA 11-02577**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THIRTY ONE DEVELOPMENT, LLC, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

JEFFREY COHEN, INDIVIDUALLY, AND THE GILL HOUSE
AND CHARTER HOUSE INN, LLC,
DEFENDANTS-RESPONDENTS.

---

MCMAHON, KUBLICK & SMITH, P.C., SYRACUSE (JAN S. KUBLICK OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

JAMES R. MCGRAW, SYRACUSE, FOR DEFENDANT-RESPONDENT THE GILL HOUSE AND
CHARTER HOUSE INN, LLC.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered April 29, 2011. The order, among other things, reaffirmed that plaintiff has no right to conduct an inspection of the property at issue prior to closing.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that the contract between plaintiff and defendant The Gill House and Charter House Inn, LLC (Gill House) for the purchase of certain real property is in full force and effect (purchase contract). Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). During oral argument on the motion, the parties requested that Supreme Court make a limited determination with respect to plaintiff's claim that it had a right to conduct an inspection of the property before the closing (inspection claim). The court concluded that the parties were bound by the express provisions of the purchase contract, which precluded oral modifications and did not provide plaintiff with a right to inspect the property and, according to the order on appeal, issued a written decision to that effect. In the order on appeal, the court "reaffirmed" that determination and thereby effectively granted defendants' motion in part by dismissing plaintiff's inspection claim. The court otherwise denied defendants' motion. We affirm.

Contrary to plaintiff's contention, the court properly granted defendants' motion insofar as it dismissed plaintiff's inspection claim because the purchase contract conclusively establishes as a matter of law that plaintiff is not entitled to a pre-closing

inspection of the property.  "On a motion to dismiss pursuant to CPLR 3211, the court may grant dismissal when documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [internal quotation marks omitted]).  "Construction of an unambiguous contract is a matter of law" (*id.*), and "[t]he best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [internal quotation marks omitted]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162; *FAC Cont. LLC v Yickjing567 LLC*, 78 AD3d 1510, 1512).  That rule is of "special import in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [internal quotation marks omitted]).  As a result, "courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (*id.* [internal quotation marks omitted]).

Plaintiff contends that the actions of Gill House after signing the purchase contract had the effect of unilaterally modifying the terms of the contract and thus its verbal agreement to allow plaintiff to inspect the property before closing should have been enforced.  We reject that contention.  Here, the intention of the parties is clear from the plain language of the purchase contract, and neither party disputes that the contract does not expressly afford plaintiff the right to a pre-closing inspection of the property.  Inasmuch as the purchase contract contains a merger clause that prohibits oral modifications of its terms, we decline to enforce the separate verbal agreement allegedly permitting plaintiff to inspect the property.  We have reviewed plaintiff's remaining contentions and conclude that they are without merit.

Entered:  March 15, 2013                     Frances E. Cafarell
                                             Clerk of the Court