SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1128
CA 13-00511
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

ANDREW PRESTIGIACOMO, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

JUNE N. AMES, ET AL., DEFENDANTS,
BARBARA SPRINGER, ET AL., DEFENDANTS-RESPONDENTS.

---

MOYER AND RUSSI, P.C., WEBSTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

DAVIDSON FINK LLP, ROCHESTER (CURTIS A. JOHNSON OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered August 3, 2012. The order granted the motion of a group of defendants, who are identified as the "Canandaigua Lake Rights Defendants," to dismiss the complaint against them and denied the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to quiet title in connection with an easement, plaintiff appeals from an order that granted the motion of a group of defendants, who are identified as the "Canandaigua Lake Rights Defendants" (defendants), to dismiss the complaint against them and denied plaintiff's cross motion for summary judgment. Contrary to plaintiff's contention, we conclude that Supreme Court properly granted defendants' motion inasmuch as it was based on documentary evidence, i.e., a deed, conclusively establishing a defense to plaintiff's complaint as a matter of law (*see* CPLR 3211 [a] [1]; *Thirty One Dev., LLC v Cohen*, 104 AD3d 1195, 1196; *see generally Camperlino v Town of Manlius Mun. Corp.*, 78 AD3d 1674, 1676, *lv dismissed* 17 NY3d 734; *Blangiardo v Horstmann*, 32 AD3d 876, 879, *lv dismissed* 8 NY3d 939). In opposition, plaintiff failed to assert any ground to defeat defendants' motion. In particular, plaintiff failed to raise a question of fact that the language of the deed with respect to the easement contains conditions subsequent that resulted in reversion or forfeiture of the grant of the easement (*see Stratis v Doyle*, 176 AD2d 1096, 1098; *Koshian v Kirchner*, 139 AD2d 942, 943; *Fausett v Guisewhite*, 16 AD2d 82, 86-87). Plaintiff's cross motion for summary judgment seeking a ruling that the easement is, inter alia, "no longer legally valid" was premature (*see* CPLR 3212 [a]) and,

in any event, lacked merit.