■ SHERMAN ORIGINATOR LLC, Respondent, v HSBC TAX-PAYER SERVICES INC. et al., Appellants. [18 NYS3d 56]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 11, 2014, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

In this case involving a contract dispute between the originator and servicer (HSBC) of a certain portfolio of "refund anticipation loans" and the subsequent purchaser (Sherman) of a partial interest in that portfolio, plaintiff sufficiently pleaded that defendants' unilateral decision not to enforce "cross-collection agreements" had a disproportionate negative impact on the collection of the overdue, in default, and charged-off refund anticipation loans that Sherman had purchased from defendants, in violation of the parties' contractual provision requiring Sherman's prior consent (*see Hoag v Chancellor, Inc.*, 246 AD2d 224, 228 [1st Dept 1998]). Contrary to HSBC's argument, the plain language of section 3 (d) (1) of the purchase agreement does not "conclusively" refute Sherman's claim (*see Thirty One Dev., LLC v Cohen*, 104 AD3d 1195, 1196 [4th Dept

2013]). According to the complaint, the parties had estimated that Sherman would recover its $16.5 million investment, along with a contractually calculated "Excess Distribution" amount, by sometime in 2009. It would therefore not appear to be economically feasible for Sherman to agree to HSBC's unilateral cessation of its cross-collection activities within two years of Sherman's purchase of the defaulted business. "It is a longstanding principle of New York law that a construction of a contract that would give one party an unfair and unreasonable advantage over the other, or that would place one party at the mercy of the other, should, if at all possible, be avoided" (*ERC 16W Ltd. Partnership v Xanadu Mezz Holdings LLC*, 95 AD3d 498, 503 [1st Dept 2012]), and discovery was properly allowed to move forward. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.