County of Saratoga v Delaware Eng'g., D.P.C. (2020 NY Slip Op 07962)





County of Saratoga v Delaware Eng'g., D.P.C.


2020 NY Slip Op 07962


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529869

[*1]County of Saratoga et al., Plaintiffs,
v
Delaware Engineering, D.P.C., Formerly Known as Delaware Engineering, P.C., Respondent, and Jett Industries, Inc., et al., Appellants, et al., Defendant.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (Clifford G. Tsan of counsel), for appellants.
Goldberg Segalla LLP, Buffalo (Matthew D. Gumaer of counsel), for respondent.



Garry, P.J.
Appeal from those parts of an order of the Supreme Court (Crowell, J.), entered July 8, 2019 in Saratoga County, which (1) denied a motion by defendants Jett Industries, Inc. and Travelers Casualty and Surety Company of America to dismiss a cross claim for contractual indemnification, and (2) partially granted a cross motion by defendant Delaware Engineering, D.P.C. to amend its answer.
Plaintiffs own and operate the Saratoga County Waste Water Treatment Plant. In 2007, as part of a project to expand the plant, plaintiff County of Saratoga entered into a contract with defendant Delaware Engineering, D.P.C., whereby Delaware agreed to provide various services related to the design, bidding and construction of the project, including inspection of the project during its construction. The County thereafter entered into a contract with defendant Jett Industries, Inc. for construction of the project. After the project's completion, it was discovered that two pumps — specified by Delaware in its designs and installed by Jett — did not function as designed, even after warranty service provided by Jett. Later, in 2014, the concrete floor in one of several tanks installed during the project heaved and ruptured, rendering the tank nonoperational. Plaintiffs alleged that this rupture and other deficiencies in the completed work resulted from, among other things, design failures by Delaware, Jett's failure to remove certain temporary plugs that had been installed during construction, and Delaware's failure to inspect Jett's work and discover that the plugs had not been removed.
In 2015, plaintiffs commenced this action against, among others, Jett and defendant Travelers Casualty and Surety Company of America (hereinafter collectively referred to as Jett) and also against Delaware. As to Jett, plaintiffs alleged breach of contract and, as to Delaware, plaintiffs asserted claims for professional malpractice as well as breach of contract and negligence arising from Delaware's failure to inspect Jett's work.[FN1] Jett and Delaware answered, and Delaware asserted cross claims against Jett. Plaintiffs subsequently settled with Jett under a limited general release, and Jett then attempted to withdraw from the action. Delaware opposed, asserting that its cross claims against Jett for contribution, common-law indemnification and contractual indemnification remained viable. Jett moved to dismiss the cross claims pursuant to CPLR 3211 (a) (1) and (7); Delaware opposed and cross-moved for leave to serve an amended answer. Supreme Court partially granted Jett's motion by dismissing Delaware's cross claims for common-law indemnification and contribution, but denied the motion as to the cross claim for contractual indemnification. The court also partially granted Delaware's cross motion to amend its answer by allowing Delaware to amplify its contractual indemnification cross claim, and otherwise denied the cross motion. Jett appeals.
We find that Jett's motion [*2]to dismiss the cross claim for contractual indemnification should have been granted, as the indemnification provision in the governing contract conclusively establishes that Jett is not required to indemnify Delaware for the claims that plaintiffs assert against it. "A motion to dismiss obliges us to accept as true the facts as alleged in the complaint and afford [a] plaintiff every favorable inference in assessing whether they fit within a cognizable legal theory, but this liberal standard will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence" (A Great Choice Lawncare & Landscaping, LLC v Carlini, 167 AD3d 1363, 1363-1364 [2018], [internal quotation marks, brackets, ellipsis and citations omitted]). "Construction of an unambiguous contract is a matter of law" (Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007] [citation omitted]), and a court may dismiss a plaintiff's claims pursuant to CPLR 3211 (a) (1) when they are contradicted by the terms of "a written agreement that is complete, clear and unambiguous on its face" (Thirty One Dev., LLC v Cohen, 104 AD3d 1195, 1196 [2013] [internal quotation marks and citations omitted]).
It is well established that an indemnification agreement "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004] [internal quotation marks and citations omitted]; see Wellington v Christa Constr. LLC, 161 AD3d 1278, 1282 [2018]). "[T]he scope of [a] defendant's obligation is governed by the parties' intent as revealed by the plain language of the indemnification provision that they agreed upon" (WSA Group, PE-PC v DKI Eng'g & Consulting USA PC, 178 AD3d 1320, 1323 [2019]). Here, in support of its motion to dismiss, Jett submitted portions of its contract with the County, which states, as pertinent here, that Jett "shall indemnify and hold harmless . . . [Delaware] . . . from and against all claims . . . caused by, arising out of or resulting from the performance of the [w]ork, provided that any such claim, cost, loss or damage: (i) is attributable to bodily injury, sickness, disease or death or to injury to or destruction of tangible property (other than the [w]ork itself), including the loss of use resulting therefrom, and (ii) is caused in whole or in part by any negligent act or omission of [Jett]." Simply stated, Jett was required to indemnify Delaware in situations where Jett's own negligence, either in whole or in part, resulted in some type of personal injury, or, as pertinent here, destruction of property other than the work itself.
Here, plaintiffs assert claims for damage to the tank, specifically the rupturing and heaving of its concrete floor; however, such claims clearly arise from the work itself, as Delaware designed the tanks and Jett installed the same as part of their respective agreements with the County. Delaware [*3]further claims that plaintiffs suffered consequential and incidental damages stemming from the ruptured tank floor that were outside the work contemplated by the agreements in that the capacity of the plant was diminished when the damaged tank was removed from service. However, a plain reading of the agreement precludes coverage for loss of use of tangible property resulting from damage to the work itself (compare WSA Group, PE-PC v DKI Eng'g & Consulting USA PC, 178 AD3d at 1323-1324). Thus, the unambiguous terms of the indemnification agreement conclusively establish that Jett is not obliged to indemnify Delaware against plaintiffs' claims, and Jett's motion to dismiss Delaware's cross claim for contractual indemnification should have been granted (see CPLR 3211 [a] [1]; Beal Sav. Bank v Sommer, 8 NY3d at 332; A Great Choice Lawncare & Landscaping, LLC v Carlini, 167 AD3d at 1363-1364; Maldonado v DiBre, 140 AD3d 1501, 1505-1507 [2016], lv denied 28 NY3d 908 [2016]; Thirty One Dev., LLC v Cohen, 104 AD3d at 1196-1197). Jett's remaining contentions, including its claim that Delaware should not have been granted leave to amend the contractual indemnification cross claim, are rendered academic by this determination.[FN2]
Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially denied a motion by defendants Jett Industries, Inc. and Travelers Casualty and Surety Company of America to dismiss cross claims against them; motion granted in its entirety and the cross claim for contractual indemnification dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: The complaint also alleged unjust enrichment against Delaware and Jett.

Footnote 2: Delaware asserts that Jett's current arguments regarding the contractual indemnification provision are unpreserved. However, a party "may present any legal argument that may be resolved on the record, regardless of whether it has been argued previously, if the matter is one which could not have been countered by [the other party] had it been raised in the trial court" (Smith v Smith, 116 AD2d 810, 812 [1986] [internal quotation marks and citation omitted]). To the extent that Jett's argument regarding this provision differs before this Court, we note that the contract was before Supreme Court, and Jett did move to dismiss Delaware's cross claims pursuant to CPLR 3211 (a) (1). We thus decline to characterize Jett's arguments as unpreserved.