Liberty Mut. Ins. Co. v PMI Newco, LLC (2023 NY Slip Op 03958)

Liberty Mut. Ins. Co. v PMI Newco, LLC

2023 NY Slip Op 03958

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

535157
[*1]Liberty Mutual Insurance Company, as Subrogee of L & J.G. Stickley, Respondent,
v
PMI Newco, LLC, et al., Appellants. (And a Third-Party Action.)

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Costello, Cooney & Fearon, PLLC, Syracuse (Matthew W. O'Neil of counsel), for appellants.
Zelle LLP, New York City (Alexander Cogbill of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Joseph A. McBride, J.), entered March 7, 2022 in Tompkins County, which, among other things, denied defendants' cross-motion for summary judgment dismissing the complaint.
L & J.G. Stickley (hereinafter Stickley), a furniture retailer, entered into a license agreement to use commercial space at defendant The Shops at Ithaca Mall (hereinafter The Shops), a shopping mall owned and operated by defendant PMI Newco, LLC. In February 2015, a water pipe located within The Shops but outside the space used by Stickley burst, which caused flooding and damage to Stickley's inventory. As a consequence, Stickley submitted an insurance claim to plaintiff, its insurer. After paying the claim, plaintiff, as subrogee of Stickley, commenced this action against defendants seeking the amount paid to Stickley under the insurance policy. In its complaint, plaintiff alleged causes of action sounding in breach of contract and negligence. Defendants joined issue and commenced a third-party action against third-party defendant Comfort Systems USA, Inc., the company that performed sprinkler work at The Shops. As relevant here, plaintiff moved for partial summary judgment on the issue of liability. Defendants cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's recovery was precluded by an indemnity provision in the license agreement. In a March 2022 order, Supreme Court, among other things, denied plaintiff's motion and defendants' cross-motion. Defendants appeal.
As an initial matter, the parties represent that Supreme Court subsequently granted reargument to plaintiff and, upon doing so, awarded plaintiff partial summary judgment on the issue of liability as to the breach of contract cause of action. The court's reargument order, however, did not abate defendants' grievances or issues with the March 2022 order — namely, that the court should have granted them summary judgment based upon the applicable indemnity provision. As such, this appeal is not moot. Although we may review the reargument order in the context of this appeal (see CPLR 5517 [b]), we decline to do so because any issues with respect thereto have not been fully briefed and such order is the subject of a separate appeal.
Dispensing first with procedural arguments, plaintiff argues that defendants' cross-motion for summary judgment was untimely. Although untimely, given that defendants "sought nearly indistinguishable relief" as that sought in plaintiff's motion for partial summary judgment (Tkacheff v Roberts, 147 AD3d 1271, 1273 n 3 [3d Dept 2017]) and noting that a court, when deciding a timely summary judgment motion, may search the record and award summary judgment even to a nonmoving party (see CPLR 3212 [b]), Supreme Court did not err in entertaining the cross-motion. Plaintiff also argues that defendants failed to allege, as an affirmative defense, that the indemnity provision in the license agreement barred any recovery[*2]. Even though defendants failed to do so, "summary judgment may be granted on an unpleaded affirmative defense so long as the opposing party is not surprised or prejudiced" (Perelman v Snowbird Ski Shop, 215 AD2d 809, 810 [3d Dept 1995] [internal quotation marks and citation omitted]). In the absence of any surprise or prejudice to plaintiff, any omission of this affirmative defense is not fatal to defendants.
As to the merits, whether plaintiff must indemnify defendants "is governed by the parties' intent as revealed by the plain language of the indemnification provision that they agreed upon" (County of Saratoga v Delaware Eng'g, D.P.C., 189 AD3d 1926, 1928 [3d Dept 2020] [internal quotation marks and citation omitted]; see Facilities Dev. Corp. v Miletta, 180 AD2d 97, 102 [3d Dept 1992]). The indemnity provision in the license agreement stated that, "[t]o the greatest extent allowable under law, [Stickley] shall indemnify and hold [PMI] . . . harmless from and against all liabilities, claims, obligations, damages, penalties, costs, charges and expenses, . . . which may arise out of the use and occupancy of the [p]remises by [Stickley]." According to defendants, when the alleged inventory damage occurred, Stickley was using and occupying the commercial space by displaying merchandise as contemplated by the license agreement. Based on the language of the indemnity provision, however, the mere use of the commercial space is not dispositive. Rather, the indemnity provision applies when the claimed damages "arise out of the use and occupancy" of the commercial space. That said, the record reflects that the claimed damages did not arise out of the display of merchandise by plaintiff. Rather, the damages arose from a water pipe that burst and caused flooding. In view of this, the indemnity provision does not apply to the circumstances here. Accordingly, Supreme Court correctly denied defendants' cross-motion for summary judgment (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Port Auth. of N.Y. & N.J., 261 AD2d 259, 260 [1st Dept 1999], lv denied 94 NY2d 754 [1999]).
Egan Jr., J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.