Liberty Mut. Ins. Co. v PMI Newco, LLC (2024 NY Slip Op 01215)

Liberty Mut. Ins. Co. v PMI Newco, LLC

2024 NY Slip Op 01215

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

535961
[*1]Liberty Mutual Insurance Company, as Subrogee of L & J.G. Stickely, Respondent,
v
PMI Newco, LLC, et al., Appellants.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Costello Cooney & Fearon, PLLC, Syracuse (Matthew W. O'Neil of counsel), for appellants.
Zelle LLP, New York City (Alexander W. Cogbill of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Joseph A. McBride, J.), entered July 22, 2022 in Tompkins County, which, upon reargument, among other things, granted plaintiff's motion for partial summary judgment.
L & J.G. Stickley (hereinafter Stickley) — a furniture retailer — entered into a license agreement to use commercial space at a mall that, at the time, was owned and operated by defendant PMI Newco, LLC (218 AD3d 1080 [3d Dept 2023]). As relevant here, the license agreement contained a clause requiring PMI to "have all lights, HVAC, fire sprinkler, life safety equipment and plumbing suitable for occupancy." Stickley, in turn, agreed to indemnify and hold PMI harmless "from and against all liabilities, claims, obligations, damages, penalties, costs, charges and expenses . . . aris[ing] out of the use and occupancy of the [p]remises by [Stickley]" (hereinafter the indemnity provision).
On February 26, 2015, an interior pipe burst at the mall between the leased premises and a Planet Fitness, causing water damage to Stickley's inventory. At the time, Stickley maintained an insurance policy through plaintiff and submitted a claim to recover for its damages. Plaintiff paid the claim and thereafter commenced this subrogation action against defendants to recover the moneys paid, asserting claims for breach of contract and negligence. Pertinent here, plaintiff's breach of contract claim alleged that the interior water main break at the mall causing damage to Stickley's property violated PMI's contractual obligation under the license agreement to "have all
. . . plumbing suitable for occupancy." Following joinder of issue, plaintiff moved for partial summary judgment on liability and defendants cross-moved for summary judgment dismissing the complaint, arguing that the indemnity provision in the license agreement absolved them from liability for Stickley's damages.[FN1] By decision and order entered in March 2022, Supreme Court denied both motions — a determination that was affirmed by this Court upon defendant's appeal (218 AD3d at 1082). Supreme Court subsequently granted a motion by plaintiff to reargue its summary judgment motion, ultimately awarding plaintiff judgment as a matter of law on its breach of contract claim and dismissing the negligence claim as duplicative.[FN2] Defendants appeal.
We disagree with defendants' contention that Supreme Court erred in granting plaintiff's motion to reargue. A motion for leave to reargue "is addressed to the sound discretion of the court" that issued the prior decision (Peak v Northway Travel Trailers, 260 AD2d 840, 842 [3d Dept 1999]) and "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d]). In its prior order, Supreme Court — relying on the Fourth Department's decision in Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co. (91 AD2d 317 [4th Dept 1983]) — denied plaintiff's motion for summary judgment on the ground that the [*2]complaint pleaded duplicative causes of action. In granting reargument, however, the court explained that it had read Aetna "too broadly," causing it to misapprehend its ultimate holding, and found that plaintiff could be awarded judgment as a matter of law on its breach of contract claim notwithstanding that it also pleaded a duplicative negligence claim. Supreme Court is correct in this regard, as Aetna does not stand for the proposition cited in its prior decision (see Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1422-1423 [3d Dept 2013]). Accordingly, the court properly granted reargument on plaintiff's summary judgment motion (see CPLR 2221 [d]).
Turning to the merits, we conclude that the award of summary judgment in plaintiff's favor on the breach of contract claim was warranted.[FN3] "[A] cause of action for breach of contract requires that the plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of the defendant to perform its obligations and damages resulting from the defendant's breach" (Ampower-US, LLC v WEG Transformers USA, LLC, 214 AD3d 1129, 1131 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Ficel Transp., Inc. v State of New York, 209 AD3d 1153, 1157 [3d Dept 2022]).
In support of its motion for summary judgment, plaintiff submitted, among other things, a copy of the subject license agreement and deposition testimony from Gina Spano, the owner of PMI and general manager of the mall at the time of the incident. As for the circumstances precipitating the flooding event, Spano explained that the mall started having issues with its water system on February 17, 2015 when an exterior water main broke in the parking lot to the left of the leased premises. A maintenance company was called at 4:30 p.m. that day and closed interior water valves to stop the flooding. At 7:40 p.m., a fire alarm went off in the mall's interior theater and flooding was found in this location. Although the fire department was called and attempted to remediate the issue, there was another flood in the theater the next day. Spano confirmed that none of Stickley's inventory was damaged in either of the flooding events at the mall on February 17 and February 18.
On February 20, 2015, a maintenance company was called to replace sprinkler heads in the theater adjacent to the leased premises. The company was able to replace all but one of the sprinkler heads at that time and returned to finish the job on February 26, 2015. Later that day, water was located in the service corridor between the leased premises and a Planet Fitness, which ended up seeping into the leased premises. Spano explained that this was the flooding event that caused the damage to Stickley's inventory. After an investigation, a four-inch hole was discovered in an interior pipe outside of the leased premises. Although Spano could not directly link the hole to the work performed by the maintenance company when [*3]replacing the sprinkler heads inside of the theater, she testified that, upon her investigation, it appeared that the pipe had burst due to the pressure in the water line that the maintenance company turned back on after performing such work. Notably, Spano, who was responsible for negotiating leasing and licensing agreements for PMI, conceded during her deposition that PMI was responsible for maintaining the water pipes servicing the mall and that the plumbing issues causing the damage to the leased premises fell within the scope of the provision of the license agreement requiring PMI to "have all . . . plumbing suitable for occupancy." On this record, plaintiff demonstrated its prima facie entitlement to judgment as matter of law on its breach of contract claim.
In opposition, defendants submitted, among other things, an attorney affirmation arguing that the indemnity provision in the license agreement precluded plaintiff's recovery. As noted in our prior decision, however, the indemnity provision does not preclude recovery for the damages caused by the flooding in this case because the water main break did not "arise out of the use and occupancy" of the leased premises (218 AD3d at 1082). As for the alleged breach, PMI's owner admitted during her deposition that plumbing issues in the vicinity of the leased premises caused damage to Stickley's property and that such issues fell within the scope of PMI's contractual obligation to "have all . . . plumbing suitable for occupancy." Her testimony to that effect is supported by the plain language of this contractual provision and defendants have provided no competent evidence raising a triable issue of fact in that regard. Accordingly, summary judgment was properly awarded to plaintiff on its breach of contract claim (see generally Hudson-Port Ewen Associates, L.P. v Kuo, 165 AD2d 301, 305 [3d Dept 1991], affd 78 NY2d 944 [1991]).[FN4] Finally, plaintiff's argument that Supreme Court erred in dismissing the negligence claim is not properly before us since it did not file a cross-appeal from the portion of the order dismissing this claim; contrary to plaintiff's contention, this is not an alternative ground for affirmance (see Bellevue S. Assoc. v HRH Constr. Corp., 78 NY2d 282, 299 n 5 [1991]; Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1194 [3d Dept 2019]).
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: After answering the complaint, defendants commenced a third-party action against the entity they had hired to perform sprinkler repair work at the mall, alleging that the flood resulted therefrom.

Footnote 2: Supreme Court granted reargument before we issued our prior decision in this case. Although we referenced the reargument order in our prior decision, we declined to review it (218 AD3d at 1081).

Footnote 3: We note that Supreme Court granted summary judgment to plaintiff on its breach of contract claim based solely on the determination that the indemnity provision of the license agreement did not preclude liability in this case, without concomitantly determining whether any provision of the license agreement had actually been breached. Although this was error, the record is sufficiently developed to address this issue and remittal is not required.

Footnote 4: Defendants argue that, to support its breach of contract claim, plaintiff was also required to show that PMI caused the flooding or had prior notice of it, and that there are questions of fact in this regard. However, the plain language of the license agreement controls and does not support such an interpretation (see Maldonado v DiBre, 140 AD3d 1501, 1506 [3d Dept 2016], lv denied 28 NY3d 908 [2016]). The cases cited by defendants are factually distinguishable, as they concern different types of contract provisions or involve actions sounding in negligence rather than breach of contract.