Catskill Barbeque, LLC v Mid-Hudson Co-Op. Ins. Co. (2025 NY Slip Op 02387)

Catskill Barbeque, LLC v Mid-Hudson Co-Op. Ins. Co.

2025 NY Slip Op 02387

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-24-1222
[*1]Catskill Barbeque, LLC, Respondent,
v
Mid-Hudson Co-Operative Insurance Company, Appellant.

Calendar Date:February 18, 2025

Before:Ceresia, J.P., Fisher, McShan and Mackey, JJ.

Rivkin Radler LLP, Uniondale (Anthony Hawkins of counsel), for appellant.
Lerner, Arnold & Winston, LLP, New York City (Robert T. Trautmann of counsel), for respondent.

Ceresia, J.P.
Appeal from an order of the Supreme Court (Stephan Schick, J.), entered June 27, 2024 in Sullivan County, which denied defendant's motion to dismiss the complaint.
Plaintiff owns and operates a business in the Town of Fallsburg, Sullivan County. After plaintiff's property sustained damage in a fire, plaintiff submitted a claim to defendant, its insurance carrier. Plaintiff sought to be indemnified for, as relevant here, over $2 million in lost business income. However, defendant paid plaintiff only $175,000 for its lost income, contending that this was the limit of the policy. Plaintiff then commenced the instant breach of contract action. Defendant moved to dismiss the complaint on the grounds that the complaint failed to state a cause of action and was refuted by documentary evidence in the form of the policy. Supreme Court denied defendant's motion, and defendant appeals.[FN1]
On a motion to dismiss a complaint based on a defense founded upon documentary evidence, "such motion may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law" (SUS, Inc. v St. Paul Travelers Group, 75 AD3d 740, 741 [3d Dept 2010] [internal quotation marks, brackets and citations omitted]; see New York Alpha of Phi Kappa Psi Assn., Inc. v Cornell Univ., 233 AD3d 1126, 1129 [3d Dept 2024]). A court may dismiss a plaintiff's claims if they are "contradicted by the terms of a written agreement that is complete, clear and unambiguous on its face" (County of Saratoga v Delaware Eng'g, D.P.C., 189 AD3d 1926, 1927 [3d Dept 2020] [internal quotation marks and citations omitted]). However, ambiguity is present "wherever a reasonable difference of opinion may exist [as] to the meaning of the contract language," in which case, "a motion to dismiss must be denied to permit the parties to discover and present extrinsic evidence of the parties' intent" (New York Alpha of Phi Kappa Psi Assn., Inc. v Cornell Univ., 233 AD3d at 1130 [internal quotation marks and citations omitted]). As a general rule, "policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer" (Matter of Liberty Mut. Fire Ins. Co. [Malatino], 75 AD3d 967, 968 [3d Dept 2010] [internal quotation marks and citation omitted]; see Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321, 326 [1996]).
Having reviewed the coverage language set forth in the subject insurance policy, we conclude that defendant's motion to dismiss was properly denied. The declarations page lists various types of coverage, but makes no mention at all of coverage for loss of business income. The ensuing supplemental declarations page indicates that the policy allows coverage for 12 months of actual loss of income, without setting any monetary cap. Seventy-three pages later, the policy seeks to change the lost income coverage by stating that the previous provision is deleted and that only three months [*2]of coverage is permitted, up to a cap of $175,000. On the whole, it cannot be said that the policy — insofar as it pertains to coverage for lost business income — is clear and unambiguous on its face, particularly when considering the fact that some of the coverage language is buried deep within the lengthy contract, far removed from where such coverage is originally identified. Indeed, no explanation has been given as to why any purported change in coverage was not simply made on the supplemental declarations page itself. As for defendant's argument that plaintiff is selectively picking and choosing which provisions suit its purposes, it is noted that it is defendant that is conceding that the temporal limit of the policy is 12 months, as provided on the supplemental declarations page, while at the same time insisting that the monetary limit is $175,000, as indicated elsewhere in the policy.
Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: On appeal, defendant has not advanced any argument concerning plaintiff's supposed failure to state a cause of action, and therefore its appeal with respect to this issue is deemed abandoned (see generally Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [3d Dept 2016]).